Beaumont SILVERTON, individually and as a member, representative and Secretary of Teamsters Local Union No. 898, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America and the American Federation of Labor, Appellant,

v.

VALLEY TRANSIT CEMENT COMPANY, Inc., a corporation, Appellee.

No. 15055.

United States Court of Appeals Ninth Circuit.

Sept. 17, 1956.

John A. Stevenson, Lionel Richman, Los Angeles, Cal., for appellants.

Horton & Knox, James H. Carter, El Centro, Cal., for appellee.

Before DENMAN, Chief Judge, HASTIE, Circuit Judge, and TOLIN, District Judge.

DENMAN, Chief Judge.

This is a motion by appellee to dismiss an appeal from a judgment of the United States District Court for the Southern District of California, Southern Division, for failure to file notice of appeal within thirty days following the entry of the judgment on December 19, 1955. The motion was submitted on the transcript of the record and the affidavits filed on behalf of each party.

The question is whether any of the clerks in the office of the clerk of the court below acquired custody on or before January 18, 1956 of a notice of appeal from Silverton, such receipt by the clerk or a deputy being all that is required to establish jurisdiction in this court. Kahler-Ellis Co. v. Ohio Turnpike Comm., 6 Cir., 1955, 225 F.2d 922; Casalduc v. Diaz, 1 Cir., 1941, 117 F.2d 915.

To support the contention of lack of jurisdiction, appellee points to page

37 of the transcript where appears Silverton's notice of appeal dated January 17, 1956 and having attached to it an affidavit of its mailing to the appellee, executed before a Los Angeles notary public who dated his certificate January 17, 1956. This notice of appeal with its attached certificate is endorsed by the clerk as "Filed January 25, 1956." It is not questioned that it is the time the clerk received custody of the notice of appeal and not the clerk's mark or entries which determine whether the appeal is valid. Kahler-Ellis Co. v. Ohio Turnpike Comm., supra; Casalduc v. Diaz, supra.

Appellee relies on the rebuttable presumption that the clerk had properly performed his duty and put his filing mark on the date the notice was delivered to him. This is a presumption which disappears when substantial evidence to the contrary is produced. New York Life Ins. Co. v. Gamer, 303 U.S. 161, 171, 58 S.Ct. 500, 82 L.Ed. 726.

Silverton's contention is that the notice of appeal was in fact received by the clerk on January 18, 1956 and that the file mark must have been delayed by the clerk which caused its later date.

He offers two affidavits of one of his attorneys, Lionel Richman. In the first of these Richman testified, as follows: That on January 17, 1956 he mailed in Los Angeles to the clerk of the court in Los Angeles a notice of appeal dated January 17, 1956; that on January 18, 1956 he received a telephone call from a person stating that he was a deputy clerk of the court who stated that since the judgment was rendered by the court sitting in the Southern (that is the San Diego) Division, a copy of the notice of appeal they had received was required to be filed in San Diego; that Richman asked whether this was required at once, for, if it were, he, having his office in Los Angeles would personally prepare and deliver it immediately to the clerk. The person telephoning informed Richman that it was not necessary and that the copy could be mailed in the next few days, which Richman did on January

24, 1956. It is not this copy upon which the date of January 25, 1956 is marked but the original with the notary's certificate of the affidavit of service, dated January 17, 1956.

Richman further testified in his second affidavit, filed July 20, 1956, that is six months since his telephone conversation with the clerk, that he sought among the deputy clerks of the court the clerk who talked to him over the telephone, and frankly stated he was unable to locate him. The records of the Administrative Office of the United States Courts show that there are 39 such deputy clerks in Los Angeles alone.

Richman further testified that the day after he mailed his notice of appeal, he mailed to the clerk his designation of record on appeal. The record before us shows this designation of the record on appeal dated January 18, 1956 and marked by the clerk as filed on "Jan. 19, 1956."

The appellee's evidence consists of the affidavits of Chief Deputy Clerk Drew, and of Deputy Clerks Payne and Thompson. Drew states that he was performing his duty as Chief Deputy Clerk from January 17, 1956, through the date on which the affidavit was made (July 18, 1956), and that

"[A]ll mail addressed to the Clerk is opened by your affiant, and is sorted for necessary handling; all mail received for filing is placed in a separate stack, and as soon as all mail is opened, the stack of mail for filing is handed to a regularly assigned counter deputy clerk for file stamping and necessary processing; between the dates of January 18th, 1956, and January 25th, 1956, there were two regularly assigned counter deputy clerks namely Murrell E. Thompson and Wayne E. Payne; that during this period the mail for filing was given to one or the other of these said deputy clerks; that these clerks, in ordinary course of business would take each document the same date as received; the document is then entered on the blotter

sheet and from the blotter sheet the deputy clerks enter the filing into the docket. That to your affiant's best knowledge and belief, all documents received by mail from January 17th, 1956, to January 25th, 1956, were handled in this manner in the ordinary course of business."

Drew further testified that he had "no independent recollection" of receiving the notice of appeal in the present case "on the 18th day of January, 1956, or any other date", and that he had "no independent recollection" that any papers were handled between January 17 and 25, 1956, "in any other way than in the ordinary course of business".

Payne's and Thompson's affidavits are in all pertinent aspects identical. Each testifies that he was performing his duties as a deputy clerk in the clerk's Los Angeles office from January 17 to 25, 1956, and that during that period he or the other of the two of them received from Chief Deputy Clerk Drew "documents for filing that had been mailed to the said Clerk's office." Both testify further that "*in the ordinary course of business*" each such document was marked filed on the date of its receipt and that to "affiant's best knowledge and belief all documents received by mail from January 17, 1956, to January 25, 1956, were handled in this manner; that *your affiant does not have any independent recollection* that a Notice of Appeal in the Silverton etc. v. Valley Transit Cement Company, et al., 1485SD, in the District Court, Southern District of California, Southern Division [140 F.Supp. 709], was received on January 18, 1956, *or any other date*; Notice of Appeal in said case was stamped 'Filed' in the ordinary course of business on January 25, 1956." (Emphasis added.)

It is apparent from the above that the affidavits describes only the usual course of business and is not contradictive of Richman's testimony that some one of the court's clerks did telephone him on January 18, 1956, and sought a copy of the notice of appeal which on that date the clerk had. Indeed, Payne's affidavit

describes the practice of asking for a copy of the notice after the original is received, as follows: "that frequently *only* the original of a document, including Notices of Appeal, are received for filing, and in the ordinary course of business the original is stamped 'Filed' on the day of receipt of the document, and in due course entered in the blotter and in the docket; thereafter, your affiant or the other deputy clerk [Thompson], either by mail or 'phone requests the attorney filing the document to send in a conformed copy." Thompson's affidavit is to the same effect.

We find the evidence shows affirmatively that Silverton's notice of appeal was in the possession of the clerk of the court on January 18, 1956 and that the motion must be denied. "A litigant's rights cannot be injuriously affected by the failure or neglect of the clerk to do his duty." Brady v. J. B. McCrary Co., D.C.S.D.Fla.1917, 244 F. 602, 605. We would reach the same conclusion had we *sua sponte* discovered the file mark and called upon the appellant to prove the existence of our jurisdiction of his appeal.

The motion to dismiss is denied.