**In re David C. BRYAN, Debtor.**

**Sarah Svob, Appellant,**

v.

**David C. Bryan, Appellee.**

**BAP No. CC–00–1333–BKMo.**
**Bankruptcy No. LA 99–53300–TD.**
**Adversary No. LA 00–01420–TD.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 16, 2000.

Decided March 29, 2001.

Vincent V. Frounjian, Law Office of Vincent V. Frounjian, Van Nuys, CA, for appellant.

David A. Greene, Law Offices of David A. Greene, Calabasas, CA, for appellee.

Before: BRANDT, KLEIN, and MONTALI, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

The court dismissed a complaint as untimely on a motion that must be treated as a motion for summary judgment. We hold that substantial evidence rebutted the presumption that the clerk's file stamp accurately recorded when the complaint was filed, which left a genuine issue of material fact that precluded summary judgment.

We REVERSE and REMAND.

## FACTS

Creditor Sarah Svob commenced an adversary proceeding against chapter 7 debtor David Bryan to determine the dischargeability of the debt under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4).

Plaintiff says the complaint was placed in the bankruptcy court's after-hours drop box at 4:25 p.m. on March 7, 2000. The clerk of court processed the complaint and marked it as filed at 8:26 a.m. on March 8, 2000. The difference matters because the filing deadline for nondischargeability actions was March 7, 2000.

The clerk's office business hours are 9:00 a.m. to 4:00 p.m. Filings during non-business hours may be made in a drop box inside the U.S. Courthouse, which building is closed between 6:00 p.m. and 7:00 a.m., according to the following policy announced in a public notice: "All documents ... placed in the Court drop boxes, where available, prior to the buildings' close will be processed with that day's date."

There does not appear to be a device at the drop box that would enable the date and time of deposit to be recorded.

Defendant moved to dismiss the complaint as untimely, supporting the motion with a declaration stating that a supervising deputy clerk confirmed that the complaint was filed March 8 and that there was no error in the file stamp.

Plaintiff's opposition to defendant's motion included a declaration by a messenger for an attorney service office who swore that he put the complaint in the drop box at 4:25 p.m. on March 7.

In reply, defendant's counsel averred that clerk's personnel would not provide counter-affidavits but that a deputy clerk would, if needed, be available to testify in open court about the filing procedures (as defined in the court's public notice) and that on March 7 they were followed. Counsel suggested that if the court: "finds it necessary, and the Court can bring the Clerk's Office before it on May 10, 2000, to testify briefly, I am willing to hold this matter to the end of the calendar to do so. Testimony should not take longer that [sic] 20 minutes."

The court, saying it would not hold a "court of inquiry," did not entertain oral testimony. It dismissed the complaint, ruling that it was filed at the time reflected by the clerk's date stamp because the presumed regularity of the clerk's procedures was more persuasive than the self-serving declaration of the messenger. This appeal ensued.

## JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334 and §§ 157(b)(1) and (b)(2)(I), and we do under 28 U.S.C. § 158(c).

## ISSUE

Whether the court dismissed the adversary proceeding in error.

## STANDARD OF REVIEW

■ We review summary judgment de novo. *Gertsch v. Johnson & Johnson Fin. Corp. (In re Gertsch)*, 237 B.R. 160, 166 (9th Cir. BAP 1999).

## DISCUSSION

■ This was a motion to dismiss an adversary proceeding as untimely. Such a motion is governed by Federal Rule of Civil Procedure 12(b)(6). Fed.R.Civ.P. 12(b), *incorporated by* Fed.R.Bankr.P. 7012(b).

The opposition relied on matters outside the pleadings—a declaration averring that the complaint was actually delivered into the bankruptcy clerk's drop box before the filing deadline passed even though the clerk recorded it as filed the following morning.

The court was obliged to treat the motion as one for summary judgment and dispose of it under Civil Rule 56 as the declaration was "presented to and not excluded by the court." Fed.R.Civ.P. 12(b) & 56, *incorporated by* Fed.R.Bankr.P. 7012(b) & 7056.

Accordingly, we review the order granting the motion to dismiss as an order granting summary judgment even though the bankruptcy court did not focus on summary judgment standards.

### I

The key inquiry in a motion for summary judgment is whether a genuine issue of material fact remains for trial. Fed. R.Civ.P. 56(c), *incorporated by* Fed. R.Bankr.P. 7056; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); 11 James Wm. Moore et al., Moore's Federal Practice § 56.11[1][b] (3d ed. 2000) ("Moore").

The factual issues precluding summary judgment are factual issues that make a difference to the potential outcome and "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505.

The nonmoving party's summary judgment evidence in this instance included an affidavit from the messenger who put the complaint in the drop box and swore to having done so at 4:25 p.m. on March 7, 2000. This affidavit, which was based on

personal knowledge and which set forth facts that would be admissible in evidence, satisfied the requirements of Civil Rule 56(e). It established the existence of an issue of fact that was material to the question whether the complaint was filed before midnight on March 7, 2000, instead of at 8:26 a.m. on March 8, 2000, as indicated by the clerk's time stamp.

The defendant, who grounded the dismissal motion on the premise the complaint was filed at 8:26 a.m. on March 8, responded to the messenger's declaration with a declaration by counsel reporting what he understood clerk's office personnel would say regarding their procedures if they were called as witnesses and with a suggestion that the court hold an evidentiary hearing.

## II

The court accepted the defense response as establishing that the court clerk, in fact, regularly (i.e., properly) handled the complaint in accordance with the drop box procedure in this instance and dismissed the complaint. In effect, the bankruptcy court ruled that the support for the factual assertions in the messenger's declaration were not sufficient to rebut the presumption that the clerk's date stamp accurately recorded when papers were actually filed.

■ This was error in two respects: a presumption was not treated as rebutted by substantial evidence; and summary judgement was granted despite the existence of a genuine issue of material fact.

## A

We begin by being precise about what "filing" means in the context of papers delivered to a clerk's depository box.

■ A "filing" occurs when papers are delivered to the actual custody of a proper officer. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1091 (9th Cir.1980); *McIntosh v. Antonino,* 71 F.3d 29, 35 (1st Cir.1995).

■ Where a clerk of court makes a depository box available and retains exclusive control over it, papers deposited in such a "drop box" are deemed to be in the clerk's actual custody. *Greenwood v. New York, Office of Mental Health,* 842 F.2d 636, 639 (2d Cir.1988).

Such a "drop box" is one method to accommodate the fact that, as a matter of law, the court "shall be deemed *always open* for the purpose of filing any pleading or other proper paper, issuing and returning process, and filing, making, or entering motions, orders and rules." Fed. R.Bankr.P. 5001(a) (emphasis supplied); *cf.* Fed.R.Civ.P. 77(a); 14 MOORE § 77.02.

Thus, plaintiff's complaint in this instance would be deemed to have been filed at the time it was actually placed in the drop box.

## B

■ The first level of error relates to a misapplication of an evidentiary presumption. An evidentiary presumption is not, itself, evidence that can be balanced against contrary evidence. The distinction may be fine, but it is important.

### 1

■ A rebuttable presumption is a procedural rule under which, once a basic fact is established, the fact-finder also must accept the presumed fact that follows from the basic fact, unless the presumption is rebutted. 1 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 301.02[1] (2d ed. 2000) ("WEINSTEIN"). *See also Take v. Commissioner,* 804 F.2d 553, 557 (9th Cir.1986).

Two riddles posed by every presumption relate to the *quantum* of evidence needed

to rebut the presumption and the impact of rebutting the presumption.

■ The usual incantation that "substantial evidence" rebuts a presumption begs the question. In the end, we are constrained to agree that the quantum of what constitutes "substantial" varies in light of the policy reasons favoring the particular presumption, the strength of the evidence supporting the presumption, and the credibility of the rebutting evidence. BARRY RUSSELL, BANKRUPTCY EVIDENCE MANUAL § 301.3 (2000) ("RUSSELL").

As to the effect of a presumption, Federal Rule of Evidence 301 follows the so-called "bursting bubble" theory. If the presumption is rebuttable and if the foundational fact is controverted, then—the bubble having been burst—the presumption is rebutted and drops from the case. Fed.R.Evid. 301; *see Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254–56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); RUSSELL § 303.3.

But the burst bubble leaves a residue. If the presumption drops from the case so that it is no longer mandatory to accept the presumed fact, the trier of fact may nevertheless, as a matter of evidence rather than as a matter of procedure, infer the same fact from the existence of the predicate fact. When doing so, however, the trier of fact is weighing actual evidence rather than applying a rule of procedure that does not involve weighing evidence. *Burdine*, 450 U.S. at 255, n. 10, 101 S.Ct. 1089; RUSSELL § 301.0.

2

The presumption in this instance relates to what can be described as the "clerk's date stamp presumption" according to which the date the clerk marks on papers is presumed to be an accurate representation of when the papers were actually filed

because it is presumed that the clerk properly performs assigned duties.

Federal courts are no strangers to the clerk's date stamp presumption, which is premised on considerations of administrative convenience. *E.g., United States v. Preston*, 352 F.2d 352, 353 n. 1 (9th Cir. 1965); *Silverton v. Valley Transit Cement Co.*, 237 F.2d 143, 144 (9th Cir.1956); *Van-S–Aviation Corp. v. Piper Aircraft Corp. (In re Piper Aircraft Distrib. Sys. Antitrust Litig.)*, 551 F.2d 213, 216 n. 7 (8th Cir.1977).

In construing the "substantial" evidence standard for rebutting presumptions, the decisions tend to apply a clone of the directed verdict standard for determining when evidence is substantial enough to rebut the date stamp Presumption. *Silverton*, 237 F.2d at 144; WEINSTEIN § 301.02[2] ("Evidence presented to rebut a presumption must be sufficient to overcome a directed verdict.").

The general rationale for the directed verdict analogy is that a presumption is not evidence: if a reasonable person could conclude that the rebuttal evidence might be true, a question of fact arises which must be decided on the evidence. *See* 1 CLIFFORD S. FISHMAN, JONES ON EVIDENCE § 4:48 (7th ed.1992). The analogy is particularly apt where, as here, the policy supporting the presumption is grounded in administrative convenience.

3

It is apparent the drop box was used in this instance. The complaint was file stamped before regular business hours, at 8:26 a.m., which means that it must have been received through a method other than across the counter. Nobody has urged an alternative other than the drop box.

Assuming that there was in fact no access to the drop box while the building was

closed (6:00 p.m. – 7:00 a.m.), the complaint would either have had to be put in the drop box before 6:00 p.m. on March 7 or after 7:00 a.m. and before 8:26 a.m. on March 8.

The presumption that the complaint was filed March 8, 2000, at 8:26 a.m. derives from the date stamp on the original complaint in the official court file. All that the bankruptcy court had before it was a document with the date stamp, together with counsel's declaration that the supervisor of the clerk's intake section told him that the date stamp was not a mistake.

In addition to the defect inherent in the fact the counsel's declaration was not based on personal knowledge of the declarant, it is too vague and conclusory to bolster the presumption. There is no evidence about the details of the clerk's regular procedures and the method by which the clerk segregates papers placed in the drop box before the building closes at 6:00 p.m. from those placed in the drop box after the building reopens at 7:00 a.m. Nor is there any specific information about whether the clerk followed those procedures on the dates in question.

The question becomes whether the file stamp presumption was rebutted: "This is a presumption which disappears when substantial evidence to the contrary is produced." *Silverton*, 237 F.2d at 144.

The "substantial evidence" that rebutted the clerk's date stamp presumption in *Silverton* was evidence that, before the deadline, a clerk's office employee telephoned and informed counsel of a need to file an additional copy of the notice of appeal that had been received by mail with another divisional office of the court. A date stamp was not affixed to the notice of appeal until after the deadline. The court of appeals denied the motion to dismiss the appeal, finding that the evidence supported appellant's account, despite affidavits from

clerk's employees that nothing unusual occurred during the time in question and that they did not recall the notice of appeal in question. *Accord, Preston*, 352 F.2d at 353 n. 1.

■ The policy supporting the clerk's date stamp presumption is one of mere administrative convenience that is tempered by the counter-policy that a litigant's rights should not be adversely affected by a failure or neglect of the clerk to do one's duty. *Silverton*, 237 F.2d at 145. The evidence supporting the application of the presumption was an anemic conclusory, inadmissible layered-hearsay assertion that the date stamp was accurate. The rebuttal evidence was the direct, specific assertion by the relevant actor based on personal knowledge.

The rebuttal evidence in the instant appeal was "substantial" because a reasonable trier of fact could believe the messenger's testimony and determine that the complaint was placed in the drop box before 8 March. Hence, the clerk's date stamp presumption was rebutted.

The consequence is that the bankruptcy court was faced with a genuine issue of material fact that precluded summary judgment.

## C

The second level of error relates to the balancing of the evidence in a summary judgment context after the evidentiary presumption had been rebutted.

Faced with "substantial" evidence that rebutted the date stamp presumption, the bankruptcy court proceeded to balance the evidence of the date stamp as purportedly bolstered by counsel's declaration against the messenger's declaration and ruled that the messenger's declaration was not sufficient to overcome the inferences that follow from the good work that the clerk's

office usually does. This was error in the context of a summary judgment motion.

The rebuttal evidence that was "substantial" enough to rebut the date stamp presumption was also sufficient to create a genuine issue of material fact about when the complaint was put into the drop box. While not every issue of fact raised in opposition to summary Judgment is a "genuine" issue, neither the date stamp nor the defense counsel's declaration was so overwhelming as to defeat the "genuineness" of the issue of fact that was interposed by plaintiff. Moreover,—given that it was not based on personal knowledge and contained layered hearsay not otherwise admissible—counsel's declaration did not satisfy the form requirements of Federal Rule of Civil Procedure 56(e).

As with the rebuttal of a presumption, the applicable standard for assessing the "genuineness" of an issue of material fact mirrors a "directed verdict" standard. If reasonable minds can differ as to the import of the evidence, then summary judgment is not permitted. *Anderson,* 477 U.S. at 250–52, 106 S.Ct. 2505; *Edison v. Reliable Life Ins. Co.,* 664 F.2d 1130, 1131 (9th Cir.1981). In this instance, reasonable judges could differ about when the complaint was delivered into the custody of the clerk—the issue could reasonably be resolved in favor of either party.

### III

Having found error, we are obliged to examine the record to ascertain whether there is any other basis on which to affirm, in which event the error would not affect the substantial rights of the parties. 28 U.S.C. § 2111. We find none.

There are two alternative ways of viewing what the trial court did when confronted with conflicting declarations within the construct of the rules of procedure. Nei-

ther alternative passes muster in this instance.

### A

Civil Rule 43(e) permits a court to resolve a motion purely on affidavits. Fed. R.Civ.P. 43(e), *incorporated by* Fed. R.Bankr.P. 9017.

Rule 43(e) has been applied in this circuit to motions to dismiss and to motions for summary judgment. *Williams v. Pacific Maritime Ass'n,* 384 F.2d 935 (9th Cir.1967) (motion to dismiss); *McGuire v. Columbia Broad. Sys., Inc.,* 399 F.2d 902, 907 (9th Cir.1968) (summary judgment); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE:CIVIL 2D § 2416 (2d ed.1994); 8 MOORE'S § 43.05[1] ("WRIGHT & MILLER").

Nevertheless, Civil Rule 43(e) is merely permissive, not mandatory, and is subject to the trial court's wide discretion. The trial court's determination whether to hear any particular matter on oral testimony, deposition, or affidavit is a matter of discretion. *Miles v. Dep't of the Army,* 881 F.2d 777, 784 (9th Cir.1989); *In re Mohring,* 142 B.R. 389, 392 (Bankr. E.D.Cal.1992), *aff'd,* 153 B.R. 601 (9th Cir. BAP 1993), *aff'd,* 24 F.3d 247 (9th Cir. 1994); 11 MOORE § 43.05[2].

The exercise of that discretion is reviewable for abuse of discretion. *E.g., Utd. Commercial Ins. Serv., Inc. v. Paymaster Corp.,* 962 F.2d 853, 858 (9th Cir.1992).

It follows that we could affirm on a theory of harmless error if we could conclude that the trial court did not abuse its discretion in declining to take oral testimony. Two difficulties, however, prevent us from premising harmless error on Civil Rule 43(e) in this instance.

First, the bankruptcy court's refusal to entertain oral testimony where, as here, controverted questions of fact that

turn on the credibility of a witness predominate is an abuse of discretion in the context of Civil Rule 43(e). *Utd. Commercial Ins. Serv.*, 962 F.2d at 858; 11 Moore § 43.05[2].

Second, the problem is particularly acute in the context of a motion for summary judgment where a genuine issue of material fact normally warrants a trial. Thus, the authors of leading federal practice treatises urge that courts employ Civil Rule 43(e) in summary judgment matters with caution. Moore § 43.05[2] ("ordinarily refrain"); Wright & Miller § 2416 ("great caution"). The need for such caution is that there is a risk of confusing the proceeding intended to identify the existence of a genuine issue of material fact with a trial that resolves the factual issue.

In short, to the extent that Civil Rule 43(e) applied, failure to require oral testimony on the contested question fact was an abuse of discretion and cannot be the predicate for harmless error.

### B

The other way of looking at the proceeding is even less availing. A brief evidentiary hearing to resolve a genuine issue of material fact on a summary judgment motion could be viewed as the taking of evidence under Civil Rule 43(a) in a single-issue trial under Civil Rule 42(b). The problem in the instant appeal is that testimony in such a proceeding must, absent consent, be oral. There having been no oral testimony, there was no compliance with Civil Rule 43(a) that might render the error harmless.

### IV

In view of our conclusion that summary judgment was erroneous, we need not consider appellant's argument that the deadline should be equitably extended. Nor do the facts appear to present the question what result would obtain if the bankruptcy court refused to afford litigants the opportunity to file a complaint after 6:00 p.m. and before midnight on the last day for timely filing. *See* Fed.R.Bankr.P. 5001(a); Fed.R.Civ.P. 77(a).

### CONCLUSION

We REVERSE the order dismissing the complaint and REMAND for trial, which may in the discretion of the bankruptcy court be a single-issue bench trial under the authority of Civil Rule 42(b).