**In re Lloyd Delaus PAINE and Lorna J. Paine, Debtors.**

**Lloyd Delaus Paine and Lorna J. Paine, Appellants,**

**v.**

**Weldon Griffin; Weldon Griffin, Trustee of the Howard C. Kuhle 1980 Trust; Ronald F. Woods, Appellees.**

**BAP No. SC–02–1081–KMaKi. Bankruptcy No. 01–06861–PB7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 19, 2002.

Filed Aug. 30, 2002.

---

**34**

Harold D. Thompson, San Diego, CA, for Appellants.

Martin A. Eliopulos, Higgs, Fletcher & Mack, San Diego, CA, for Appellees.

Before KLEIN, MARLAR, and KIRSCHER,[1] Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

This is an appeal from dismissal of an adversary proceeding filed by debtors seeking to have debts that were "excepted from discharge" on due process grounds in a prior bankruptcy declared to be dischargeable in a second chapter 7 case. Although the court shoehorned the prior judgments into 11 U.S.C. § 523(a)(10) notwithstanding that there was a discharge in the prior case, we hold that it is not necessary to find an independent basis for excepting the debts from discharge in the second case and AFFIRM based on res judicata principles.

We publish to emphasize the poorly-understood rule recognized in 11 U.S.C. § 523(b) that most final judgments of non-dischargeability rendered by bankruptcy courts, even if erroneous, are preclusive in subsequent bankruptcy cases.

## FACTS

Appellants, Lloyd and Lorna Paine, filed chapter 7 bankruptcy case No. 95–03045–PB7 in the Southern District of California on May 26, 1995.

No deadline was fixed for filing proofs of claim. The chapter 7 trustee found no assets. The discharge was issued July 27, 1995. The case was closed August 18, 1995.

Lloyd Paine provided the information used to prepare the schedules and statement of financial affairs.

1. Honorable Ralph Kirscher, Bankruptcy Judge for the District of Montana, sitting by designation.

Lloyd Paine intentionally omitted from the schedules (among other things) interests in: real estate worth about $1 million; a baby grand piano; art originally purchased for about $25,000; nine items of intellectual property registered with the Library of Congress Copyright Office; and interests in three patents.

Lloyd Paine also intentionally did not schedule (among other debts) more than $1.45 million owed on the omitted real estate to: appellee Weldon Griffin on two separate obligations; appellee The Howard C. Kuhle 1980 Trust ("Kuhle Trust"), of which Griffin is trustee, on a note and junior deed of trust; and beneficiaries of a senior note and deed of trust (of which Kuhle Trust eventually acquired a 76.322 percent interest).

The deadline to revoke the Paines' chapter 7 discharge under 11 U.S.C. § 727(1) was July 27, 1996.

Without knowledge of the Paine bankruptcy, Griffin sued the Paines twice on his own behalf as Case Nos. 697374 and 706696, San Diego County Superior Court, before February 13, 1997.

Beneficiaries of the senior note and deed of trust, without knowledge of the Paine bankruptcy, filed an action for judicial foreclosure and a personal liability judgment against the Paines on February 13, 1997. *Dickey v. Paine,* Case No. 708008, San Diego County Superior Court. Kuhle Trust joined the action as a fractional interest holder in the note and added a count for breach of contract on its junior note.

The Paines settled Griffin's Case No. 697374 for $20,000, and the state court awarded him $227,649.49 in Case No. 706696 on January 30, 1998, all without revealing the Paine bankruptcy.

Neither Griffin, nor Kuhle Trust, nor the other trust deed beneficiaries on the debt of which Kuhle Trust now owns a 76.322 percent interest, learned of the existence of the 1995 bankruptcy until the Paines filed a short-lived chapter 13 bankruptcy case on March 2, 1998, in which they scheduled some 1995 assets and liabilities that were omitted in the 1995 bankruptcy, including debts owed to Kuhle Trust, the senior trust deed beneficiaries, and Griffin. That chapter 13 case was dismissed on May 11, 1998.

In Case No. 708008, the state court awarded Kuhle Trust $314,933.92 on June 19, 1998, plus $20,577.00 in fees and costs, and awarded a $779,886.99 deficiency judgment to the senior deed of trust beneficiaries on January 21, 1999. Kuhle Trust's 76.322 percent interest in the deficiency judgment was $595,225.34.

The bankruptcy court reopened bankruptcy Case No. 95–03045 on August 2, 1999, on motion of Griffin and Kuhle Trust.

Kuhle Trust and Griffin filed adversary proceedings in the reopened Case No. 95–03045, challenging the discharge of their debts on two theories: fraud per 11 U.S.C. § 523(a)(3)(B); and the due process principles applied in *Ford v. Ford (In re Ford),* 159 B.R. 590 (Bankr.D.Or.1993) (Perris, B.J.) *("Ford").* *Griffin v. Paine,* Adv. No. 99–90608; *The Howard C. Kuhle 1980 Trust v. Paine,* Adv. No. 99–90671.

After a two-day trial, the court ruled that Kuhle Trust did not prove its underlying debt was procured by fraud. Hence, it could not be nondischargeable under § 523(a)(3)(B).

Nevertheless, on the *Ford* due process theory, the bankruptcy court held in favor of Kuhle Trust as against Lloyd (but not Lorna) Paine. It reasoned that the question was whether Kuhle Trust would have successfully objected to discharge under § 727. As to Lloyd Paine, the court ruled that there were material omissions and false statements and:

that Mr. Paine had the requisite intent to mislead and deceive the trustee and creditors by omitting material information from the schedules and statement of affairs.... [P]laintiff has carried its burden of showing that the plaintiff would have prevailed on the [§ ] 727(a)(4)(A) claim as against Mr. Paine.

Invoking *Ford*, it entered judgment in Adv. No. 99–90671 on March 15, 2001, holding the Kuhle Trust debt "excepted from discharge" against Lloyd Paine on due process grounds. No appeal was taken.

On May 1, 2001, a stipulated judgment that mirrored the Kuhle Trust judgment and "excepted from discharge" the Griffin debts was entered in Adv. No. 99–90608. No appeal was taken.

On June 28, 2001, the Paines filed the current chapter 7 bankruptcy case, scheduling the debts to Kuhle Trust and Griffin. The Paines also listed their personal residence as an asset.

On July 19, 2001, Kuhle Trust and Griffin, represented by appellee Ronald F. Woods, commenced a civil action in state court against various Paine entities and relatives on several theories, including fraudulent transfers in anticipation of judgments in favor of the trust and Griffin. The Paines were not named as defendants. *Griffin v. The DeLaus Trust, et al.*, Case No. 771021, San Diego County Superior Court.

Although the Paines were not defendants, the relief sought included a declaration that appellees' judgments are liens on the Paines' residence. No relief from automatic stay was obtained.

On September 18, 2001, the Paines filed an adversary proceeding seeking: declara-

tory judgments that the Griffin and Kuhle Trust debts could be discharged in the 2001 bankruptcy; and damages for an allegedly "willful" automatic stay violation entailed in filing a civil action that sought to impress a lien on their residence. *Paine v. Griffin, et al.*, Adv. No. 01–90375.

The court dismissed the Paines' adversary proceeding on summary judgment. Although appellees argued res judicata, the court (accepting that the judgments remained valid) reasoned that the debts were nondischargeable under § 523(a)(10), just as if appellees had not been deprived of their due process right to object to discharge (on which objection, the bankruptcy court held, they would have succeeded).

As to the alleged violation of the automatic stay, the court ruled that the conduct was not a "willful" violation of the stay and directed that the state court complaint be amended to delete the request for imposition of a lien on the Paines' residence.

An order reflecting the court's rulings was entered on January 23, 2002.[2] This timely appeal followed.

## ISSUES

1. Whether debts excepted from discharge in one bankruptcy case continue to be excepted from discharge in later cases.

2. Whether the bankruptcy court erred in finding that there was not a willful violation of the automatic stay.

## STANDARD OF REVIEW

■ We review summary judgment de novo. *Svob v. Bryan (In re Bryan)*, 261 B.R. 240, 243 (9th Cir. BAP 2001).

---

**2.** Although the separate document requirement of Federal Rule of Bankruptcy Procedure 9021 was not satisfied, we deem the requirement waived. To the extent the order is arguably interlocutory, we grant leave to appeal. 28 U.S.C. § 158(a)(3).

DISCUSSION

The material facts are few and undisputed. Griffin and Kuhle Trust were entitled to judgment as a matter of law.

I

The bankruptcy court's final words in its ruling on the dischargeability issue hit the nail on the head: "we've got a problem and we've got to have a way to deal with it." What the court did not realize was that, by invoking § 523(a)(10), it had unnecessarily complicated a problem it had already solved.

Although the dubious invocation of § 523(a)(10) is assigned as error, the issue is a red herring. By not appealing the prior judgments, the debtors made a complex problem simple.

A

The key to the analysis is Bankruptcy Code § 523(b), which states an exception that proves a rule.

■ The rule is that res judicata principles apply in bankruptcy so that once a debt is "excepted from discharge" in a judgment that meets the requirements for preclusion, it is, except for the eight exceptions named in § 523(b), "excepted from discharge" in all subsequent chapter 7 cases without need for an independent basis for excepting the debt from discharge in the later case.

This rule is implicit in the statement of the exceptions at § 523(b):

(b) Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965, or under section 733(g) of the Public Health Service Act in a prior case con-cerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

11 U.S.C. § 523(b).

The converse of § 523(b)'s language is that "a debt that was excepted from discharge" on some theory other than the eight enumerated grounds "in a prior case concerning the debtor under this title is" not dischargeable in a second case. In other words, once nondischargeable, always nondischargeable.

The requirement at the end of § 523(b) that the debt be "not dischargeable in the case under this title" refers only to those categories of debt that are stated as exceptions in § 523(b)—i.e., Bankruptcy Code §§ 523(a)(1), (a)(3), and (a)(8), Bankruptcy Act §§ 17a(1), 17a(3), and 17a(5), § 439A of the Higher Education Act of 1965, and § 733(g) of the Public Health Service Act. No other debt is subject to the requirement.

This is a straightforward recognition that principles of claim and issue preclusion apply in dischargeability matters.

The difficulty with § 523(b) is that it only states the exceptions, thereby requiring that the general rule be inferred by way of negative inference. The reason for this opacity is that the general rule is a rule of basic jurisprudence that does not need a statutory basis. The function of § 523(b) is not to state the rule, but rather to carve out statutory exceptions to the pre-existing and dynamic nonstatutory rule of preclusion.

The few courts that have focused upon § 523(b) agree that the general rule is as we have stated. *Royal Am. Oil & Gas Co. v. Szafranski (In re Szafranski)*, 147 B.R. 976, 988 (Bankr.N.D.Okla.1992) ("*Szafran-*

*ski* "); *accord Policemen's & Firefighters' Retirement Fund v. Tranter (In re Tranter)*, 245 B.R. 419, 420 (Bankr.S.D.Fla. 2000); *Monica v. Simpson (In re Simpson)*, 229 B.R. 419, 426 (Bankr. W.D.Tenn.1999); *Hatmaker v. Klasinski (In re Klasinski)*, 215 B.R. 181, 183 (Bankr.C.D.Ill.1997); *Saler v. Saler (In re Saler)*, 205 B.R. 737, 749 (Bankr.E.D.Pa. 1997).

The treatise writers agree. *Collier* says that the exceptions stated in § 523(b) do not involve dishonest dealings, and "[t]here is no sound reason why a debtor should be forever barred from having the debt discharged." By implication, all other debts are barred. 4 COLLIER ON BANKRUPTCY ¶ 523.25 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2002).

The *Norton* treatise explains that applying claim preclusion to debts held nondischargeable by a court or in which discharge is denied or waived "may be viewed as grounded in the need 'to protect bankruptcy from itself.' " 3 NORTON BANKRUPTCY LAW & PRACTICE 2d § 47:55 (Wm.L.Norton, Jr., ed.1998) (*quoting Szafranski*, 147 B.R. at 981). Thus, debts that are excepted from discharge on a basis other than the stated § 523(b) exceptions "are forever barred from discharge in subsequent cases." *Id.*, § 47:57.

Thus, § 523(b) states statutory exceptions to a nonstatutory jurisprudential rule. The very need for the exceptions proves the existence of the rule. Moreover, federal statutes commonly address specific applications of principles of res judicata, which is fundamentally a common law subject, "in general terms that add no independent content to the concept." 18 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4403, at p. 35 n. 23 (2002) (citing examples) ("WRIGHT & MILLER").

Section 523(b) does not require that a specific basis for nondischargeability exist in the second case. The truth of this proposition is evident from the fact that if such a requirement exists, then § 523(b) would be superfluous because proof of nondischargeability in the second case would always be required. Moreover, the Supreme Court has recently emphasized that the phrase "excepted from discharge" in § 523(b) is not synonymous with "nondischargeable." *Young v. United States,* —— U.S. ——, 122 S.Ct. 1036, 1041, 152 L.Ed.2d 79 (2002).

**B**

Applying principles of res judicata to the judgments in the prior Paine bankruptcy is straightforward.

**1**

We start by clarifying terms in light of recent evolution of concepts in res judicata under the now-dominant *Restatement (Second) of Judgments,* which concepts resist "any statement that is both graceful and complete." 18 WRIGHT & MILLER § 4416.

When we refer to "principles of res judicata," we are generically referring to the preclusive effects of former litigation. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Hiser v. Franklin,* 94 F.3d 1287, 1290 (9th Cir.1996).

The genre of res judicata principles subsumes two conceptual categories. First, "claim preclusion" includes doctrines of merger and bar that foreclose litigation of matters that have never been litigated and has often been called "res judicata" in a non-generic sense. Second, "issue preclusion," although often called "collateral estoppel," actually includes doctrines of direct estoppel and of collateral estoppel that foreclose relitigation of matters that have been litigated. *Migra,* 465 U.S. at 77

n. 1, 104 S.Ct. 892; *Hiser,* 94 F.3d at 1290; *Duncan v. United States (In re Duncan),* 713 F.2d 538, 541 (9th Cir.1983); RESTATE-MENT (SECOND) OF JUDGMENTS §§ 24 (introductory note) & 27 (comment b); 18 WRIGHT & MILLER § 4402 ("The Terminology of Res Judicata").

The concepts of "issue" and "claim" overlap in a manner that makes distinctions "often one of degree and emphasis in applying a deeper principle that an original misadventure cannot be retrieved for a second chance." 18 WRIGHT & MILLER § 4402. Thus, references to "preclusion" encompass both concepts and correspond with "res judicata" in the generic sense.

### 2

■ Claim and issue preclusion apply in bankruptcy. *Brown v. Felsen,* 442 U.S. 127, 134–39, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Grogan v. Garner,* 498 U.S. 279, 285, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ Claim preclusion generally requires that there be: (1) parties either identical or in privity; (2) a judgment rendered by a court of competent jurisdiction; (3) a prior action concluded to final judgment on merits; and (4) the same claim or cause of action involved in both actions. *Rein v. Providian Fin. Corp.,* 252 F.3d 1095, 1098 (9th Cir.2001); *Owens v. Kaiser Found. Health Plan,* 244 F.3d 708, 713 (9th Cir. 2001).

■ Issue preclusion generally requires that there be: (1) the same issue; (2) actually litigated and determined; (3) by a valid and final judgment; (4) as to which the determination is essential to the judgment. RESTATEMENT (SECOND) OF JUDGMENTS § 27; *Robi v. Five Platters, Inc.,* 838 F.2d 318, 322 (9th Cir.1988).

■ Application of principles of res judicata is not defeated by error in the original judgment. *Federated Dept. Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Richey v. United States,* 9 F.3d 1407, 1412 (9th Cir.1993); 18 WRIGHT & MILLER § 4403 (quoting Brainerd Currie, "the first lesson one must learn on the subject of res judicata is that judicial findings must not be confused with absolute truth"). What is required is that the loser have had the opportunity to test the final judgment on appeal.

### 3

■ The judgments in the prior bankruptcy case plainly meet all requirements for claim and issue preclusion.

### a

In the Paines' prior bankruptcy case, No. 95–03045, the debts owed to Griffin and Kuhle Trust were specifically "excepted from discharge" on the *Ford* due process theory by judgments in Adv. No. 99–90671 and in Adv. No. 99–90608 entered on March 15 and May 1, 2001, respectively. No appeals were taken.

The parties are identical. A bankruptcy court is competent to determine whether a debt is "excepted from discharge." The *Ford* due process issue was actually litigated and necessary to judgments on the merits that became final beyond cavil when no appeal was taken. Finally, the same claim or cause of action—whether the debts are "excepted from discharge"—is the issue in each instance.

Although the prior judgments in this appeal qualify for both claim and issue preclusion, the best fit is the direct estoppel subcategory of issue preclusion. 18 WRIGHT & MILLER § 4418; *In re Duncan,* 713 F.2d at 544.

### b

Nothing in § 523(b) restricts application of principles of res judicata to theories of exception to discharge that are stated in

§ 523(b). To reach this conclusion, one need only note that, in addition to the fact that two of the stated § 523(b) exceptions are not in the Bankruptcy Code or its predecessor Bankruptcy Act, a number of other nondischargeability provisions exist elsewhere in federal statute. *E.g.,* 42 U.S.C. § 656(b); 18 U.S.C. § 3613(e); *County of Santa Cruz v. Cervantes (In re Cervantes),* 219 F.3d 955, 959–62 (9th Cir. 2000).

The sole requirement under the general rule implicit in § 523(b) is that the prior judgment have determined that a debt is "excepted from discharge," which, as the Supreme Court has explained, is not synonymous in § 523(b) with "nondischargeable." *Young v. United States,* 122 S.Ct. at 1041. There is no reason in principle why an equitable exception to discharge should be given any less dignity than a statutory exception to discharge. Thus, since the *Ford* due process theory for excepting a debt from discharge is not one of the enumerated exceptions in § 523(b), it is eligible for preclusion.

c

To be sure, the prior judgments might have been erroneous. Yet, the Paines had, and let pass, their opportunity to appeal the judgments. Thus, even if we assume that the judgments were infected by error, they are still final and still enforceable.

The fact that it is irrelevant whether the prior judgments were correct means that we do not reach the interesting question of the merits of the *Ford* due process theory. Judge Perris' original decision in *Ford* was not appealed. The most that can be said about our decision today is that we do not think that the enforcement of final judgments, that were premised on *Ford,* constitutes a miscarriage of justice.

If the Paines had appealed the judgments in the prior case, those appeals could have decided the merits of the *Ford*

issue and presumably would have explored other possibilities for reaching a just result, including the possibility of imposing judicial estoppel against a party who plays "fast and loose" with the courts. *New Hampshire v. Maine,* 532 U.S. 742, 749–51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001); *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782–85 (9th Cir.2001) ("we must invoke judicial estoppel to protect the integrity of the bankruptcy process").

Since the Paines did not appeal the judgments determining that the Griffin and Kuhle Trust debts were "excepted from discharge," the principles of res judicata make them final and beyond contest and obviate the need to reach other issues.

C

The Paines' adversary proceeding in the 2001 bankruptcy reflects a flawed assumption, which we have rejected, that the Griffin and Kuhle Trust judgment debts must be independently excepted from discharge in the second bankruptcy case. We also conclude that the Paines have pursued an impermissible indirect attack on the prior judgments in a subsequent proceeding.

The general rule is that, other than appeal, a party is required to pursue relief from judgment by way of Federal Rule of Civil Procedure 60(b). Fed.R.Civ.P. 60(b), *incorporate by* Fed.R.Bankr.P. 9024; RESTATEMENT (SECOND) OF JUDGMENTS § 89 ("Relief by Motion").

A subsequent action is permitted only when Rule 60(b) is inadequate or where the trial court is persuaded that "convenient administration of justice would be served by determining the question of relief in the course of the subsequent action." RESTATEMENT (SECOND) OF JUDGMENTS § 80 ("Relief in the Course of a Subsequent Action"). Neither condition applies here.

To the extent that the judgments in Adv. No. 99–90671 and in Adv. No. 99–90608 determining the Griffin and Kuhle Trust debts to be "excepted from discharge" are incorrect, the problem is one of simple legal error that had to be remedied by way of appeal or by asking the trial court to change its mind.

It seems apparent that the Paines elected to forego their rights to appeal the judgments in Adv. No. 99–90671 and in Adv. No. 99–90608 in favor of the stratagem of filing a new bankruptcy case in the expectation that they would be able to obtain another chapter 7 discharge. It turns out, however, that their strategem had the fatal flaw of not accounting for the effect of § 523(b) and attendant principles of res judicata.

## II

The trial court was persuaded that the filing of the fraudulent transfer action in which the debtors were not parties but which sought a lien against their residence was not a sanctionably "willful" violation of the automatic stay, so long as the complaint was promptly amended to delete the lien request.

We agree with the trial court. As the parties have informed us that the required amendment was made, we do not perceive the "willfulness" that is a prerequisite to § 362(h) sanctions. 11 U.S.C. § 362(h). Accordingly, accepting the facts in the light most favorable to the Paines and applying our own independent judgment in our de novo review of the summary judgment, we find no error with respect to the automatic stay issue.

\*   \*   \*   \*   \*   \*

The judgments rendered in the prior bankruptcy case determining that the debts to Griffin and Kuhle Trust were "excepted from discharge" were not appealed and became final and incontestable, regardless of whether they were legally correct. Hence, principles of res judicata, as implicitly recognized by § 523(b), make their discharge status incontestable in the present bankruptcy case without reference to whether they satisfy any § 523(a) nondischargeability provision in the second case. Nor was there a willful violation of the automatic stay. AFFIRMED.