**Lyssa Royal HOLT, Plaintiff–Appellant,**

v.

**INTERNAL REVENUE SERVICE; et al., Defendants–Appellees.**

No. 06–15810.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

Lyssa Royal Holt, Phoenix, AZ, for Plaintiff–Appellant.

Francesca Ugolini Tamami, Esq., Frank P. Cihlar, Esq., DOJ—U.S. Department of Justice Tax Division/Appellate Section, Richard A. Latterell, Esq., Paul Hastings

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Janofsky & Walker, LLP, Washington, DC, for Defendants–Appellees.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Lyssa Royal Holt appeals pro se from the district court's order dismissing without prejudice her petition to quash an IRS summons issued to a third party in connection with an investigation of her federal tax liabilities. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal pursuant to the application of local rules, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (per curiam), and we affirm.

The district court did not abuse its discretion by dismissing Holt's action sixteen months after the government filed its unopposed motions to dismiss. *See* Ariz. Loc. R. Civ. 7.2(i) (providing that an unrepresented party's failure to oppose a motion may be deemed consent to its granting); *Ghazali*, 46 F.3d at 53–54 (affirming the grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion).

We find unpersuasive Holt's contention that the court should have warned her of the consequence of failing to file an opposition. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir.1986) (treating pro se litigants in the civil context no more favorably than parties with attorneys of

record and refusing to require trial court to intervene even when a party's failure to oppose a motion would be fatal).

We also find unpersuasive Holt's contention that her responsive filing was not filed due to clerk error. *See Silverton v. Valley Transit Cement Co.*, 237 F.2d 143, 145 (9th Cir.1956) (presumption of docket's correctness may be rebutted by substantial evidence of error).

Holt's motion to extend time to file an optional reply brief is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

