In re Yehuda SABBAN, Debtor.

Abdul M. Ghomeshi, Appellant,

v.

Yehuda Sabban, Appellee.

BAP No. CC–07–1269–MoPaD.
Bankruptcy No. SV 05–15431–KT.
Adversary No. SV 05–01574–KT.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Submitted Without Oral Argument
Jan. 25, 2008.

Filed Feb. 20, 2008.

with the creditor. Prior to bankruptcy, a state court entered a judgment against the debtor in the amount of $123,500 and additionally awarded the creditor attorneys' fees in the amount of $71,269.30. The creditor sought summary judgment from the bankruptcy court that all of the amounts awarded by the state court were nondischargeable under 11 U.S.C. § 523(a)(2)(A).[1] The bankruptcy court ordered that the $123,500 award to the creditor was dischargeable but that the $71,269.30 in attorneys' fees was nondischargeable. The creditor appealed; the debtor did not cross-appeal, nor did he file a responsive brief. We AFFIRM in part and REVERSE in part to correct a $500 error in drafting.

## I. FACTS

### A. The State Court Action

Following trial, a state court entered a judgment in the amount of $123,500 in favor of appellant Abdul M. Ghomeshi ("Creditor") against appellee Yehuda Sabban ("Debtor"). The state court also stated that Creditor was entitled to recover attorneys' fees, which it later fixed at $71,269.30. The state court also made certain factual findings which the bankruptcy court later adopted under the doctrine of issue preclusion.[2] No party has appealed the bankruptcy court's application of issue

Rodolfo Lewels, Los Angeles, CA, for appellant.

Before MONTALI, PAPPAS and DUNN, Bankruptcy Judges.

## OPINION

MONTALI, Bankruptcy Judge.

The debtor, an unlicensed contractor, entered into a home improvement contract

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, as enacted and promulgated prior to the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 23.

2. Issue preclusion, often called "collateral estoppel," forecloses relitigation of matters that have already been decided in prior proceedings. Paine v. Griffin (In re Paine), 283 B.R.

33, 39 (9th Cir. BAP 2002); see also Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir.2001)(applying California law), quoting Lucido v. Superior Court, 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 769, 795 P.2d 1223, 1225 (1990); Christopher Klein, et al., Principles of Preclusion & Estoppel in Bankruptcy Cases, 79 Am. Bankr.L.J. 839, 852 (2005). Issue preclusion applies in nondischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 284–85, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

preclusion principles, thus this recitation of facts incorporates the findings of the state court as adopted by the bankruptcy court.

Debtor held an eighty percent interest in a general partnership, Pacific Coast Creations ("Pacific"), created to provide home improvement work. Even though neither Debtor nor Pacific were licensed in California, Debtor represented himself and Pacific as licensed contractors.

A representative of Pacific contacted Creditor soliciting home improvement work. Creditor entered into a series of written and oral contracts with Debtor and Pacific, which served as the general contractor for the remodeling of Creditor's home. Creditor testified that he would not have hired Pacific if he had known the truth about the unlicensed status of Pacific and Debtor.

The state court specifically found that Creditor acted in reliance on Debtor's representations that Pacific was licensed and was thus induced into entering into the contracts with Pacific. The state court also found that when Debtor represented to Creditor that Pacific was a licensed contractor, he "knew it was a false representation, a fraudulent representation, and a false statement knowingly made."

Creditor paid $123,000 to Pacific and Debtor while and after the improvement work was performed.[3] Debtor in turn paid $129,217.95 to licensed subcontractors and other providers of goods and services for the benefit of Creditor.

After "considerable problems developed" between Creditor and Debtor, Creditor sued for breach of contract, fraud and violations of California Business and Professions Code section 7160 (" § 7160") and California Business and Professions Code section 7031(b) (" § 7031(b)"). Creditor

eventually dismissed the breach of contract and fraud causes of action, and trial proceeded on the allegations that Debtor had violated § 7160 and § 7031(b).

Section 7160 provides that any person who is induced to contract for a work of home or other improvement "in reliance on false or fraudulent representations or false statements knowingly made" may recover a penalty of $500, plus reasonable attorneys' fees "in addition to any damages sustained by him by reason of such statements or representations made by the contractor or solicitor." Cal. Bus. & Prof. Code § 7160. The state court awarded Creditor $500 plus attorneys' fees under this section, but specifically held that the $123,000 paid by Creditor, and which Creditor sought to recover pursuant to § 7031(b), did *not* constitute damages for the purposes of § 7160. In other words, the state court found that Creditor did not sustain such damages "by reason of such statements or representations made by the contractor or solicitor." Cal. Bus. & Prof. Code § 7160.

Even though the state court found that Creditor did not suffer actual damages for purposes of the fraud provisions of § 7160, it nonetheless awarded Creditor $123,000 "in the nature of disgorgement" pursuant to § 7031(b). Section 7031 prohibits unlicensed contractors from maintaining actions to recover compensation and additionally permits a party who has utilized the services of an unlicensed contractor "to recover all compensation paid" to the contractor. The statute does not on its face limit disgorgement only to those who have been defrauded by an unlicensed contractor. Instead, as the California Supreme Court has held, the statutory prohibition against compensation to unlicensed con-

**3.** The state court found that Creditor paid $123,000 to the "defendants." The defen- dants included Debtor and Julian Berariu, individually and doing business as Pacific.

tractors "operates even where the person for whom the work was performed knew the contractor was unlicensed." *Hydrotech Sys., Ltd. v. Oasis Waterpark*, 52 Cal.3d 988, 997, 277 Cal.Rptr. 517, 803 P.2d 370, 376 (1991).

## B. *The Nondischargeability Action*

Debtor filed his chapter 7 case on August 8, 2005, and Creditor filed his complaint to determine dischargeability on November 14, 2005. Creditor filed a motion for summary judgment. Debtor's opposition to the motion included a cross-motion for summary judgment. The bankruptcy court issued a tentative ruling stating that it would grant summary judgment in favor of Creditor declaring the full amount of the state court judgment (the $123,000 awarded under § 7031(b) plus the $500 penalty and attorneys' fees awarded under § 7160's fraud provisions) nondischargeable.

At the initial hearing on the motion for summary judgment, counsel for Debtor argued that the court had erred in its tentative ruling by treating the $123,000 award under § 7031(b) as a claim for money, property, services, or credit obtained by fraud under section 523(a)(2)(A), particularly when the state court specifically held that Creditor did not suffer damages in that amount as a result of Debtor's fraud (under § 7160) in procuring the contracts. The court therefore permitted the parties to submit supplemental briefs on the issue of whether the § 7031(b) award of $123,000 would be nondischargeable under *Cohen v. De La Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

At a subsequent hearing the court modified its tentative ruling and ordered that the amount awarded under § 7031(b) was dischargeable. The court noted that § 7031(b) is "a regulatory statute about status" and "not a tort statute about misconduct." The bankruptcy court agreed with the state court that the $123,000 in damages did not result from Debtor's fraud or misrepresentation. The court did find that the $500 penalty and the attorneys' fees in excess of $71,000 awarded under § 7160 were nondischargeable.[4]

On June 20, 2007, the bankruptcy court entered a stipulated order on Creditor's motion for summary judgment, providing that the portion of the state court judgment ($123,500) attributable to § 7031(b) was subject to discharge and that attorneys' fees in the amount of $71,269.30 awarded under § 7160 were nondischargeable.[5] Creditor filed a timely notice of appeal on June 29, 2007.

---

**4.** In directing counsel how to word the order, the court inadvertently included the $500 penalty in the dischargeable debt. The court had specifically held that the penalty was nondischargeable, but the state court's judgment in the amount of $123,500 included the $123,000 awarded under § 7031(b) and the $500 awarded under § 7160. Under the bankruptcy court's own ruling, the latter portion should not have been included in the discharged amount.

Despite this error, Creditor prepared and submitted an order which its counsel "approved as to form and content" and which included the $500 penalty in the dischargeable portion. Creditor did not request the bankruptcy court to correct this error and has not raised this error on appeal. Normally we would not address or rectify it in this appeal. *Golden v. Chicago Title Ins. Co. (In re Choo)*, 273 B.R. 608, 613 (9th Cir. BAP 2002) (issues not raised at the trial court will not be considered for the first time on appeal; arguments not specifically and distinctly made in an appellant's opening brief are waived). However, this was plainly a drafting error, and while no doubt little consolation for Creditor, we will reverse as to the $500 penalty.

**5.** Even though the title of the order refers only to the Creditor's motion for summary judgment, the portion of the order discharging the § 7031(b) disgorgement award is actually a grant of the Debtor's cross-motion for summary judgment.

## II. JURISDICTION

On October 3, 2007, the clerk of this panel entered an order noting that the order on the motion for summary judgment is not a separate final judgment itself, citing *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1256 (9th Cir.2004). The clerk ordered the parties to obtain a separate judgment no later than October 17, 2007, or the separate document requirement would be deemed waived pursuant to *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). Neither Creditor nor Debtor obtained a separate judgment by the deadline, so the separate document requirement is deemed waived. *See Casey*, 362 F.3d at 1256 (party waived separate judgment rule where district court had granted summary judgment in a 7–page civil minute order that concluded "IT IS SO ORDERED" even though no separate judgment was entered).

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I) and we have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court err in holding that the state court's award of $123,000 to Creditor under § 7031(b) was not excepted from discharge pursuant to section 523(a)(2)(A)?

## IV. STANDARD OF REVIEW

■ We review *de novo* the bankruptcy court's ruling on a motion for summary judgment. *Tobin v. San Souci Ltd. P'ship (In re Tobin)*, 258 B.R. 199, 202 (9th Cir. BAP 2001); *Woodworking Enters., Inc. v. Baird (In re Baird)*, 114 B.R. 198, 201 (9th Cir. BAP 1990).

## V. DISCUSSION

■ Section 523(a)(2)(A) excepts from discharge any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud. 11 U.S.C. § 523(a)(2)(A). In order to establish that a debt is nondischargeable under section 523(a)(2)(A), a creditor must establish five elements by a preponderance of the evidence:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir.2000).

■ Because an exception to discharge impairs a debtor's fresh start, section 523(a)(2)(A) "should not be read more broadly than necessary to effectuate policy, e.g., preventing debtors from avoiding debts incurred by fraud or other culpable conduct." *Hayhoe v. Cole (In re Cole)*, 226 B.R. 647, 654 (9th Cir. BAP 1998).

> The limits on the dischargeability of debts contained in section 523 should be construed strictly against creditors and in favor of debtors. *E.g., Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915) ("[I]n view of the well-known purposes of the [bankruptcy laws], exceptions to the operations of a discharge should be confined to those plainly expressed."); *In re Houtman*, 568 F.2d 651, 656 (9th Cir. 1978).

*Klapp v. Landsman (In re Klapp)*, 706 F.2d 998, 999 (9th Cir.1983); *see also*

*Snoke v. Riso (In re Riso)*, 978 F.2d 1151, 1154 (9th Cir.1992); *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir.1998).

■ At issue here is whether the state court's award of $123,000 to Creditor pursuant to § 7031(b) constitutes damages "proximately caused" by Creditor's reliance on Debtor's misrepresentation regarding his unlicensed status. More particularly, the question is whether in light of *Cohen v. De La Cruz*, the § 7031(b) award is a debt for money "obtained by" false pretenses, a false representation, or actual fraud under section 523(a)(2)(A). Given that we are to construe strictly the exceptions to discharge and that the exception under section 523(a)(2)(A) is limited to debts arising from a debtor's fraudulent conduct, we conclude that the § 7031(b) award is dischargeable.

In *Cohen v. De La Cruz*, 523 U.S. at 221, 118 S.Ct. 1212, the Supreme Court held that the fraud exception to discharge contained in section 523(a)(2)(A) "prohibit[s] the discharge of any liability arising from a debtor's fraudulent acquisition of money, property, etc., including an award of treble damages *for the fraud.*" *Id.* (emphasis added). The debtor landlord in *De La Cruz* had charged rents in violation of a rent control ordinance, and the creditors/tenants asserted that the rent payments had been obtained by "actual fraud" and were thus nondischargeable under section 523(a)(2)(A). The tenants also sought treble damages and attorneys' fees pursuant to the New Jersey Consumer Fraud Act. *Id.* at 215, 118 S.Ct. 1212.

The debtor landlord argued that the treble damages were not encompassed by section 523(a)(2)(A) because they did not represent money or services that the debtor "obtained" from the creditors. The Supreme Court disagreed, stating that the "most straightforward reading of [section] 523(a)(2)(A) is that it prevents discharge of 'any debt' respecting 'money, property, services, or . . . credit' that the debtor has fraudulently obtained, including treble damages *assessed on account of the fraud.*" *Id.* at 218, 118 S.Ct. 1212 (emphasis added).

While the Supreme Court held that a debtor need not "obtain" or receive money or property fraudulently in order for a creditor to prevail under section 523(a)(2)(A), it repeatedly acknowledged that the liability must "arise from" the fraud to be nondischargeable.[6] All such damages, including statutory punitive damages "*assessed on account of the fraud,*" escape discharge. Here, however, the § 7031(b) damages were not "assessed on account" of or flow from Debtor's fraud; in fact, the state court held that Creditor

---

6. The Supreme Court stated:

Moreover, the phrase "to the extent obtained by" in [section] 523(a)(2)(A), as the Court of Appeals recognized, does not impose any limitation on the extent to which "any debt" *arising from fraud* is excepted from discharge. "[T]o the extent obtained by" modifies "money, property, services, or . . . credit"—not "any debt"—so that the exception encompasses "any debt . . . for money, property, services, or . . . credit, to the extent [that the money, property, services, or . . . credit is] obtained by" fraud. The phrase thereby makes clear that *the share of money, property, etc., that is obtained by fraud gives rise to a nondischarge*able debt. Once it is established that specific money or property has been obtained by fraud, however, "any debt" arising therefrom is excepted from discharge.

*Id.* at 218–19, 118 S.Ct. 1212 (emphasis added). The Supreme Court thus rejected the debtor's argument that treble damages assessed on account of fraud were dischargedble because the statutory damages did not represent the money or property "obtained by" the fraud. In so holding, it clarified that " 'any debt' *arising therefrom*" (i.e., the fraud) is excepted from the discharge. The Supreme Court did not open the door for damages *not* arising from fraud to be excepted from discharge.

suffered no compensatory damages as a result of Debtor's fraudulent representation.

The statutory disgorgement did not require a showing of fraud; section 7031 is neutral as to fraudulent intent and was enacted to deter unlicensed contractors from offering their services for pay. *Hydrotech Systems*, 277 Cal.Rptr. 517, 803 P.2d at 374. Creditor could have been awarded the $123,000 disgorgement even if he had known before entering the home improvement contract that Debtor and Pacific were unlicensed. *Id.* at 376. The disgorgement award was thus unrelated to Debtor's fraud, and could have been granted in the absence of justifiable reliance,

another essential element of section 523(a)(2)(A).

As a consequence, the award did not "arise from" Debtor's fraud and *Cohen v. De La Cruz* is distinguishable.[7] Creditor has not demonstrated that the amount represents damages he incurred as a result of Debtor's fraud, a requisite for the application of section 523(a)(2)(A).[8] *Slyman*, 234 F.3d at 1085. Therefore, the bankruptcy court did not err in holding that such damages fall outside the ambit of the fraud exception to discharge.[9]

## VI. CONCLUSION

Because the $123,000 disgorgement of compensation under § 7031(b) did not

---

7. Other cases declaring statutory damages nondischargeable are similarly distinguishable. For example, in *Albarran v. New Form, Inc. (In re Albarran)*, 347 B.R. 369 (9th Cir. BAP 2006), and *Star's Edge, Inc. v. Braun (In re Braun)*, 327 B.R. 447 (Bankr.N.D.Cal. 2005), the courts held that statutory damages for copyright infringement were nondischargeable, as those damages are the debt resulting from a debtor's willful and malicious injury under section 523(a)(6). Here, however, the $123,000 statutory damages imposed under § 7031(b) did *not* result from debtor's fraud or misrepresentation, and thus fell outside the scope of section 523(a)(2)(A).

8. Courts have excepted debts from discharge where the debtor has misrepresented the status of his or her professional license, but only to the extent the creditors were actually injured because of the misrepresentations. *See Sinha v. Clark (In re Clark)*, 330 B.R. 702 (Bankr.C.D.Ill.2005) (applying section 523(a)(2)(A) to except from discharge amounts paid by homeowners to correct construction defects caused by contractor who had misrepresented his licensing status, but granting discharge to other portions of state court judgment against debtor/contractor); *McCain v. Fuselier (In re Fuselier)*, 211 B.R. 540 (Bankr.W.D.La.1997) (finding that creditors suffered damages from debtor's substandard work in constructing home and that creditors would not have hired debtor but for his misrepresentations as to his licensing status

and expertise, court excepted damages from discharge under section 523(a)(2)(A)); *McDaniel v. Border (In re McDaniel)*, 181 B.R. 883 (Bankr.S.D.Tex.1994) (excepting from discharge damages arising from defects in architectural work where architect had misrepresented the status of his license).

Unlike here, none of these courts found an absence of actual damage to the creditor as a result of the debtor's fraud. None of these cases involved statutory disgorgement of compensation paid to an unlicensed contractor notwithstanding the absence of actual injury or the absence of fraud. As noted in 5 *Bruner and O'Connor on Construction Law* § 16:22 (updated May 2007), California is one of few jurisdictions that has enacted a statute authorizing the disgorgement of compensation by unlicensed contractors in the absence of actual damages.

9. We offer no defense of Debtor's mischief, described so emphatically by Judge Pappas in his dissent. The disagreement with him is whether we are to focus solely on Debtor's conduct, as he does, or on the unequivocal facts in the record, *viz.*, the determination of the state court, as we do. Judge Pappas says the fraud taints the entire relationship of the parties, including whatever economic consequences follow. We say the Supreme Court instructs us to find damages resulting from the fraud, and to refuse to discharge all that follow. Here we are bound by the determination of the state court that there were none.

arise or flow from Debtor's fraudulent conduct, the bankruptcy court correctly held that section 523(a)(2)(A) did not apply to that debt. We therefore AFFIRM the determination that the award of $123,000 was dischargeable, but REVERSE as to the determination that the $500 penalty was dischargeable.

PAPPAS, Bankruptcy Judge, dissenting:

I must dissent.

The debtor deceived Creditor. The state court found that the debtor employed "a false representation, a fraudulent representation, and a false statement knowingly made ..." about the status of his licensure as a contractor to induce Creditor to enter into the construction contracts. Because his conduct was fraudulent, under the time-tested policies of the Bankruptcy Code and Supreme Court case law, all debts that debtor owes to Creditor arising from that fraudulent relationship must be excepted from his discharge in bankruptcy under § 523(a)(2)(A). That includes the debtor's statutory liability to Creditor under Cal. Bus. & Prof.Code § 7031(b).

Our analysis should be driven by the facts, not concerns for a hypothetical "innocent" unlicensed contractor. Here, the debtor is precluded from contesting that he lied to Creditor, telling him his business held a state contractor's license; that, solely in reliance upon this false representation, Creditor was induced to contract with the debtor, and thus paid him $123,000; and that, at the time of contracting, the debtor knew his statements to Creditor were false. These facts unmistakably describe fraud, and based upon these findings, the state court ordered the debtor to

repay all the monies he received from Creditor, as required by the California statute,[10] and in addition, to pay a statutory penalty, and to pay Creditor's attorneys fees.

The debtor's attempt to discharge Creditor's claim should have been rebuffed by the bankruptcy court because "[t]he Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an 'honest but unfortunate debtor.'" *Cohen v. De La Cruz*, 523 U.S. 213, 217, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998), *quoting Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). We recently reiterated this fundamental policy. *Albarran v. New Form, Inc. (In re Albarran)*, 347 B.R. 369, 379 (9th Cir. BAP 2006)(noting, in deeming statutory damages for copyright infringement nondischargeable, that "only the 'honest but unfortunate' debtor is entitled to an entirely unencumbered fresh start.")

To implement this fundamental bankruptcy policy, *Cohen* instructs that § 523(a)(2)(A) be read in a "straightforward" fashion, to prevent discharge of any debt respecting money, property, services or credit that the debtor has fraudulently obtained. 523 U.S. at 218, 118 S.Ct. 1212. According to the Court, this discharge exception "makes clear" that "[o]nce it has been established that specific money or property has been obtained by fraud, ... 'any debt' arising therefrom is excepted from discharge." *Id.* In other words, if a debt "results from" or is "traceable to" fraud, it can not be discharged in bankruptcy. *Id.*[11]

10. In enforcing § 7031(b), the state court noted it was implementing the California legislature's goal of "protecting the homeowner" by providing a "stimulus" to contractors to obey the law.

11. Indeed, in contrast to the approach taken by the majority, our court of appeals has endorsed an expansive reading of *Cohen*. For example, in a slightly different context, the court indicated that it is not necessary for a

The majority reasons that because even an innocent unlicensed contractor is liable to a homeowner in California to disgorge payments under § 7031(b), this debtor should also get a pass. While acknowledging *Cohen*, the majority relies upon cases which, while not dealing precisely with § 523(a)(2)(A), and in some instances pre-dating *Cohen*, advise that the Code's exceptions to discharge should be interpreted "narrowly" or "strictly."

We should decline to employ a general rule of construction in favor of the specific interpretation given the same statute at issue in this appeal by *Cohen*. Here, the facts show that but for the debtor's fraud, Creditor would have never hired nor paid him. Plainly, the debtor's responsibility to disgorge payments to Creditor is directly traceable to his deception.

At bottom, the majority aligns with a debtor who, as to his dealings with Creditor, was not honest. We should instead protect the victim of the debtor's fraud. *Cohen*, 523 U.S. at 223, 118 S.Ct. 1212 (observing that it is "unlikely that Congress ... would have favored the interest in giving perpetrators of fraud a fresh start over the interest of protecting victims of fraud."), *quoting Grogan*, 498 U.S. at 287, 111 S.Ct. 654. *Cohen* admonishes that all financial liability stemming from a fraudulent act, whether it be compensatory, punitive or statutory, is excepted from discharge. Since it is undisputed that this debtor is not an honest, unfortunate one,

he is undeserving of a discharge of this debt. I therefore dissent.

---

debtor to have received any benefit from his or her fraudulent conduct for the resulting debt to be excepted from discharge in bankruptcy. *Muegler v. Bening*, 413 F.3d 980, 983–84 (9th Cir.2005) *citing with approval, Deodati v. M.M. Winkler & Assoc. (In re M.M. Winkler & Assoc.)*, 239 F.3d 746, 749 (5th Cir.2001) (observing that, as interpreted by *Cohen*, § 523(a)(2)(A) must be read to "protect fraud victims rather than debtors."), and *Pleasants v. Kendrick (In re Pleasants)*, 219

F.3d 372, 375 (4th Cir.2000). This holding should assuage the majority's concerns that the $123,000 awarded to Creditor did not represent "compensatory damages." As *Cohen* underscores, § 523(a)(2) excepts "any liability" arising from a debtor's fraud, "including treble damages, attorney's fees, *and other relief* that may exceed the value obtained by the debtor." *Cohen*, 523 U.S. at 223, 118 S.Ct. 1212(emphasis added).