

FILED

FEB 17 2012

NOT FOR PUBLICATION

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | ) BAP No.  CC-11-1379-LaPaMk |
| | ) |
| HAVY NGUYEN, | ) Bk. No.  10-25953-SC |
| | ) |
| Debtor. | ) Adv. No. 10-1533-SC |
| _____ | ) |
| | ) |
| GENESIS V J, INC., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **MEMORANDUM**[*] |
| | ) |
| HAVY NGUYEN, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Argued and Submitted on January 20, 2012,
at Pasadena, California

Filed - February 17, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Scott Clarkson, Bankruptcy Judge, Presiding

_____

Appearances:    Edward Hays of Marshack Hays LLP argued on behalf
of Appellant Genesis V J, Inc.; Allan Dean Epstein
argued on behalf of Appellee Havy Nguyen.

_____

Before: LAFFERTY[**], PAPPAS and MARKELL, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**]Hon. William J. Lafferty III, Bankruptcy Judge for the Northern District of California, sitting by designation.

Appellant Genesis V J, Inc. ("Genesis"), having obtained a judgment by default against the appellee Havy Nguyen (the "Debtor") for breach of contract, and against the Debtor's spouse, Bill Ha ("Mr. Ha"), for fraud in the inducement, filed an adversary proceeding seeking to deny the Debtor's discharge under sections 727(a)(2)[1] and 727(a)(4) and to declare the state court judgment nondischargeable under sections 523(a)(2), 523(a)(4), and 523(a)(6).  Following a trial, the bankruptcy court found against Genesis and determined that the claim based on the state court judgment was dischargeable as to the Debtor.[2]  Genesis thereafter filed a timely appeal.  We affirm.

## I.   FACTS

Genesis V J, Inc. purchased a furniture store known as Home Design Furniture Gallery ("Home Design")[3] from the Debtor.  The Debtor's spouse, Mr. Ha, operated and controlled Home Design, and negotiated the sale in all respects on behalf of the Debtor.

Until 2006, the Debtor and Mr. Ha jointly owned Home Design through a corporation, VYNA, Inc.  In 2006, the corporation was dissolved and all of its assets were transferred to the Debtor as

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2]The section 727 claims were dismissed upon oral motion of Genesis prior to the conclusion of trial.

[3]Prior to the sale, Home Design was operated under the name Showcase Furniture Gallery ("Showcase").  The record is unclear as to when the name was changed from Showcase to Home Design. For ease of reference, we will refer to the furniture store as Home Design, irrespective of its name at the relevant time.

sole proprietor.  Despite this change in ownership, Mr. Ha continued to operate and maintain complete control over Home Design.  Other than being the legal owner, the Debtor had at all times no meaningful involvement in the operation of Home Design.

In early 2007, Mr. Ha decided to list Home Design for sale with a business broker.  The advertisement indicated that the business earned annual net profits of $630,000.  In response to the ad, Manorama Gupta ("Ms. Gupta"), Genesis' president, contacted Mr. Ha to inquire about purchasing Home Design.  During the course of negotiations, Mr. Ha represented himself as a co-owner (even though Home Design was solely in the Debtor's name) and made various representations regarding Home Design, including representations as to its profitability and its assets.

In May 2007, in reliance on Mr. Ha's representations, Genesis agreed to purchase all of Home Design's assets, including the showroom lease, all of the inventory, business goodwill, relationships with wholesalers, fixtures, and two trucks.  Mr. Ha and Genesis prepared an Asset Purchase Agreement (the "Purchase Agreement"), which provided for payment by Genesis of $500,000 — $350,000 up front (split into a $10,000 initial deposit and a $340,000 cashier's check upon closing) and an additional $150,0000 over twenty-four months — in exchange for the assets of Home Design.

Because the Debtor was the legal owner of Home Design, the Purchase Agreement required the Debtor's signature.  On or about May 21, 2007, Ms. Gupta and Mr. Ha met with the Debtor at her place of employment, and presented her with the Purchase Agreement.  Prior to this meeting, the Debtor had never met or

- 3 -

spoken to Ms. Gupta and had never seen or reviewed the Purchase Agreement.  Nonetheless, the Debtor, at Mr. Ha's request, executed the Purchase Agreement without reviewing its terms.  In return, Ms. Gupta provided Mr. Ha with a check, payable to the Debtor, for $10,000 (the initial deposit).  Genesis later paid the remaining $340,000 via cashiers check, and executed a promissory note in favor of the Debtor in the amount of $150,000.

Shortly after the sale was closed, Genesis discovered that Mr. Ha's representations regarding the profitability of Home Design and its assets were fraudulent.  Genesis discovered that Mr. Ha had falsified tax returns to inflate the profitability of the business and also learned that Home Design did not own much of the inventory that the Purchase Agreement purported to transfer.  Moreover, Mr. Ha never delivered the building lease or the two trucks, as required by the Purchase Agreement.  Genesis eventually was forced to dispose of the assets it did receive for a near total loss.

On December 14, 2007, Genesis filed a lawsuit against the Debtor and Mr. Ha in the Superior Court of California, County of Orange, alleging breach of contract, fraud, negligent misrepresentation, unfair business practices, intentional interference with prospective economic relations, negligent interference with prospective economic relations, and fraud in the inducement.  On June 15, 2009, the state court conducted a trial at which neither defendant appeared. In light of the non-appearance, the trial took the form of a default prove-up hearing.

After hearing testimony and admitting documentary evidence,

the state court entered judgment against the Debtor for breach of contract, but stated that there was insufficient evidence to find the Debtor liable for fraud.[4]  In addition, the state court found Mr. Ha liable for fraud in the inducement based on the theory that he acted as an "agent" of the Debtor in negotiating the sale of Home Design.  The Court ultimately awarded damages in the amount of $423,067.60, for which the Defendants are jointly and severally liable.  The Court also awarded punitive damages in the amount of $150,000 against Mr. Ha.  In light of the foregoing disposition, and with acquiescence of Genesis' counsel, the state court declared the remaining causes of action moot.  On July 6, 2009, the state court entered a judgment in the amount of $573,067.60 against both Defendants.[5]

On May 25, 2010, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.  On September 7, 2010, Plaintiff filed a timely complaint seeking to deny the Debtor's discharge under sections 727(a)(2) and 727(a)(4) and to declare the state court judgment nondischargeable under sections

---

[4]Despite this statement, the record, when considered as a whole, is ambiguous as to whether the state court judge intended to make a final determination on the issue of the Debtor's fraud. Indeed, the bankruptcy court determined that the state court had not made such a determination.

[5]Although the transcript of the judge's remarks at trial indicates that the state court did not intend to impose punitive damages against the Debtor, the form of judgment entered by the state court makes the Debtor jointly liable for the punitive damages.  Given the fact that the state court did not find the Debtor liable on a tort for which punitive damages could be awarded, the Court assumes this was an oversight in the entry of the judgment. See Walker v. Signal Cos., Inc., 149 Cal. Rptr. 119, 126 (Cal. Ct. App. 1978)("Punitive damages are not recoverable in an action for breach of contract no matter how willful, malicious, or fraudulent the breach").

523(a)(2), 523(a)(4), and 523(a)(6).

Prior to trial in the bankruptcy court, the Debtor filed a motion to preclude litigation of Genesis' section 523(a)(2), (a)(4), and (a)(6) claims based on the Debtor's assertions regarding the collateral estoppel effect of the state court judgment. The bankruptcy court treated the Debtor's motion as a motion *in limine* and heard oral argument prior to trial. The Debtor argued that the state court found her liable for breach of contract, and only breach of contract, and found that there was insufficient evidence to impose liability on the fraud cause of action. As a result, the Debtor asserted that Genesis should be precluded from relitigating the issue of the Debtor's alleged fraud or other willful and malicious acts in the bankruptcy court.

Genesis opposed the motion *in limine* and, far from contending as it has on this appeal that collateral estoppel applied to the agency issue, asserted that the state court did not make any findings regarding fraud or agency and that the bankruptcy court needed to make a determination as to those issues.

After considering the argument of the parties, both written and oral, and reviewing the state court trial record, the bankruptcy court determined that Genesis was not precluded from litigating the issue of fraud because it was not "actually litigated" as to the Debtor in the state court action. The bankruptcy court found that, even though Genesis put on some evidence regarding the Debtor's alleged fraud, the state court stopped short of making a final determination as to that issue.

- 6 -

Furthermore, based on Genesis' assertion that the bankruptcy court was required to determine the agency issue, the bankruptcy court did not even consider applying collateral estoppel to the state court's "finding" that there was an agency relationship between the Debtor and Mr. Ha but, instead, took evidence on the matter.

Immediately after ruling on the motion, the bankruptcy court conducted a trial on the action.  Prior to the conclusion of trial, but after presenting evidence with respect to the section 727 claims for relief, Genesis moved to dismiss its section 727 claims for relief.  The trial continued on the section 523 claims for relief and, at the trial's conclusion, the bankruptcy court ruled in favor of the Debtor on the remaining claims for relief.

Pertinent to this appeal, the bankruptcy court determined that the Debtor was not liable for any direct fraud with respect to the subject transaction and that there was insufficient evidence to impute any fraud to the Debtor based on an agency relationship.  More specifically, the bankruptcy court found that the evidence simply did not show that the Debtor had anything to do with the business other than being the nominal owner and signing the Purchase Agreement at Mr. Ha's direction.

The bankruptcy court entered judgment on June 30, 2011, declaring that the state court judgment was dischargeable as to the Debtor.  Genesis filed a timely notice of appeal on July 14, 2011.

///

///

**II.   ISSUES**

1. Did the bankruptcy court err in not applying issue preclusion to the state court's "finding" that Mr. Ha was the agent of the Debtor?

2. Did the bankruptcy court err in finding that Mr. Ha's fraud should not be imputed to the Debtor based on an agency relationship and that the debt is therefore dischargeable?

**III.   JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b)(2)(I) and § 1334.  We have jurisdiction under 28 U.S.C. § 158.

**IV.   STANDARDS OF REVIEW**

We review the bankruptcy court's determination regarding the availability of issue preclusion *de novo* as a mixed question of law and fact.  Cogliano v. Anderson (In re Cogliano), 355 B.R. 792, 800 (9th Cir. BAP 2006).  Once we determine that issue preclusion is available, the bankruptcy court's decision regarding whether or not to apply the doctrine is reviewed for abuse of discretion.  See Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir. 1988)("As to issue preclusion, once we determine that [it] is available, the actual decision to apply it is left to the district court's discretion"); Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez), 367 B.R. 99, 103 (9th Cir. BAP 2006); George v. City of Morro Bay (In re George), 318 B.R. 729, 733 (9th Cir. BAP 2004).

In evaluating whether the bankruptcy court abused its discretion, we must first determine *de novo* whether the bankruptcy court identified the correct legal standard.  See

- 8 -

People's Capital & Leasing Corp. v. Big3D, Inc. (In re Big3D, Inc.), 438 B.R. 214, 219-220 (9th Cir. BAP 2010)(en banc)(citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009)).

> If the bankruptcy court identified the correct legal rule, this court then determines whether its application of the correct legal standard to the facts was (1) illogical, (2)implausible, or (3) without support in inferences that may be drawn from the facts in the record.  Only if the bankruptcy court did not identify the correct legal rule, or if its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from facts in the record, is it appropriate to conclude that the bankruptcy court abused its discretion.

Id. (citation omitted)(internal quotations marks omitted).

With respect to the bankruptcy court's determination regarding the agency issue, we review the bankruptcy court's findings of fact for clear error.  Beaupied v. Chang (In re Chang), 163 F.3d 1138, 1140 (9th Cir. 1998).

## V.   DISCUSSION

**A. Genesis Waived Its Issue Preclusion Argument Regarding Agency**

Genesis argues that the bankruptcy court erred by not applying issue preclusion[6] to the state court's determination that Mr. Ha acted as the Debtor's agent in connection with the sale of Home Design.  However, Genesis waived this argument by not presenting it to the bankruptcy court.

Generally, appellate courts do not consider arguments "that

---

[6]Although the parties refer to the collateral estoppel effect of the state court's rulings, the Supreme Court now generally uses the term "issue preclusion" instead of "collateral estoppel." Taylor v. Sturgell, 553 U.S. 880, 892 n.5 (2008) ("issue preclusion encompasses the doctrines once known as 'collateral estoppel' and 'direct estoppel'"), citing Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); see also Paine v. Griffin (In re Paine), 283 B.R. 33, 38 (9th Cir. BAP 2002).

are not 'properly raise[d]' in the trial courts." O'Rourke v. Seaboard Sur. Co. (In re Fegert, Inc.), 887 F.2d 955, 957 (9th Cir. 1989); see also In re Cybernetic Serv., Inc., 252 F.3d 1039, 1045 n.3 (9th Cir. 2001)(stating that appellate court will not explore ramifications of argument because it was not raised in the bankruptcy court and, accordingly, was waived); Scovis v. Henrichsen (In re Scovis), 249 F.3d 975, 984 (9th Cir. 2001)(stating that court will not consider issue raised for first time on appeal absent exceptional circumstances); Concrete Equip. Co., Inc. v. Fox (In re Vigil Bros. Constr., Inc.), 193 B.R. 513, 520 (9th Cir. BAP 1996). An argument is "properly raised" if it was raised sufficiently for the trial court to make a ruling. In re Fegert, Inc., 887 F.2d at 957. Despite the general rule, "[a] reviewing court may consider an issue raised for the first time on appeal if (1) there are exceptional circumstances why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." Franchise Tax Bd. v. Roberts (In re Roberts), 175 B.R. 339, 345 (9th Cir. BAP 1994)(internal quotations omitted)(citing United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir. 1990)).

There is nothing in the record showing that Genesis made the argument that the bankruptcy court was precluded from making a determination regarding the existence of an agency relationship

///

///

- 10 -

between the Debtor and Mr. Ha.[7]  In its closing at trial, Genesis did argue that the state court found Mr. Ha liable for fraud in the inducement based on the theory that he acted as an agent for the Debtor.  However, Genesis never argued to the bankruptcy court that the state court's use of agency principles to impose liability on Mr. Ha *precluded* the bankruptcy court from determining the issue of whether an agency relationship existed. Because Genesis never raised the argument, the bankruptcy court conducted a trial in which it was required to determine whether an agency relationship existed between the Debtor and Mr. Ha. Only after receiving an adverse ruling from the bankruptcy court does Genesis now seek to apply preclusion principles to the determination of the agency issue.

Furthermore, it does not appear that any of the exceptions to the general rule apply.  The first two exceptions are unquestionably not met: there are no exceptional circumstances and the issue did not arise from a change in the law while the appeal was pending.  The third exception (i.e., the issue involves a pure legal question and the opposing party will not be

---

[7]In fact, during the hearing before the bankruptcy court, Genesis argued that the state court had made *no determination* with respect to fraud by the Debtor, including whether fraud should be imputed to her via Mr. Ha's alleged agency, and that the issue therefore needed to be tried in the adversary proceeding.  See Transcript of Bankruptcy Court Trial, pg. 16, lns. 20-25 (stating "[a]gency was not litigated in state court"). To the extent such an assertion might also support a finding that Genesis should be judicially estopped from asserting that the bankruptcy court erred by not applying issue preclusion with respect to this issue, the panel notes that the Debtor has not raised that argument on appeal, and that in light of the clear waiver of the preclusion argument in the bankruptcy court, it is, in any event, unnecessary for the panel to resolve here an issue concerning judicial estoppel.

prejudiced) is likewise inapplicable.  First, the availability of issue preclusion involves mixed questions of law and fact.  <u>See</u> <u>In re Cogliano</u>, 355 B.R. at 800.  Indeed, in this case, factual questions predominate with respect to the issue of Ha's agency due to the murkiness of the state court trial transcript.  As discussed later, it is difficult to determine exactly which issues of fact the state court decided and which issues it declined to decide.  Ultimately, the record is ambiguous at best as to whether the state court made a finding regarding the agency issue.

The panel also concludes that the Debtor is prejudiced by Genesis' failure to raise issue preclusion in the bankruptcy court in the first instance.  By failing to raise the issue before the bankruptcy court, Genesis deprived the Debtor of the opportunity to develop a record and to make legal as well as factual arguments against the application of issue preclusion.[8] "[I]f [the debtor] might have tried [her] case differently either by developing new facts in response to or advancing distinct legal arguments against the issue, it should not be permitted to be raised for the first time on appeal."  <u>United States v. Patrin</u>, 575 F.2d 708, 712 (9th Cir. 1978).  Genesis has waived its argument that the bankruptcy court was precluded from making a determination regarding whether an agency relationship existed between the Debtor and Mr. Ha.

///

---

[8]Additionally, without a record, we are left to guess at what the bankruptcy would have decided had it been presented with the issue.

- 12 -

**B. The Bankruptcy Court Would Not Have Abused Its Discretion in Declining to Apply Issue Preclusion**

Even if Genesis did not waive its issue preclusion argument, the bankruptcy court would not have abused its discretion by declining to apply issue preclusion.

Issue preclusion applies in nondischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 284-85 (1991). Issue preclusion "bars 'successive litigation of an issue of fact or law that was actually litigated and resolved in a valid court determination essential to that prior judgment,' even if the issue recurs in the context of a different claim." Taylor, 553 U.S. at 892 (quoting New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)). The purpose of issue preclusion is to conserve judicial resources and foster confidence in the outcome of adjudications by providing finality and avoiding inconsistent rulings. See id.

To determine the preclusive effect of a California state court's finding, the panel applies California preclusion law. 28 U.S.C. § 1738 (the Full Faith and Credit Statute); Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). When state preclusion law controls, the discretion to apply the doctrine is exercised in accordance with state law. Khaligh v. Hadegh (In re Khaligh), 338 B.R. 817, 823 (9th Cir. BAP 2006), aff'd, 506 F.3d 956 (9th Cir. 2007).

Under California law, the party asserting issue preclusion has the burden of establishing the following "threshold" requirements:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in

- 13 -

the former proceeding.    Third, it must have been necessarily decided in the former proceeding.    Fourth, the decision in the former proceeding must be final and on the merits.    Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001).[9]

**1. Satisfaction of the Five Threshold Elements**

Here, three of the five threshold requirements are undisputably satisfied: (1) the parties in the state court and in the nondischargeability action are the same, (2) the state court judgment is final and on the merits, and (3) the issue sought to be precluded from re-litigation is identical to that purportedly decided in the former proceeding (i.e., whether Mr. Ha acted as the agent of the Debtor in negotiating the sale of the business). The more difficult questions are whether the issue of Mr. Ha's status as the Debtor's agent was "actually litigated" and "necessarily decided" by the state court.

**a. Was Agency "Actually Litigated"?**

Under California law, "an issue was actually litigated if it was properly raised, submitted for determination, and determined in that proceeding." Hernandez v. City of Pomona, 94 Cal. Rptr. 3d 1, 10 (Cal. Ct. App. 2009) (citing People v. Sims, 186 Cal.

---

[9]Even if these five threshold requirements are met, application of issue preclusion requires a "mandatory 'additional' inquiry into whether imposition of issue preclusion would be fair and consistent with sound public policy." Khaligh, 338 B.R. at 824-25. California courts "have recognized that certain circumstances exist that so undermine the confidence in the validity of the prior proceeding that the application of collateral estoppel would be 'unfair' to the defendant as a matter of law." Roos v. Red, 30 Cal. Rptr. 3d 446, 453 (Cal. Ct. App. 2005).

Rptr. 77 (Cal. Ct. App. 1982)).  In determining whether an issue was actually litigated, a court should look beyond the bare findings and must scrutinize the pleadings and evidence presented to determine what was actually determined in the prior proceeding.  Schaefer/Karpf Prods. V. CNA Ins. Cos., 76 Cal Rptr. 2d 42, 45-46 (Cal. Ct. App. 1998).

In this case, Genesis argues that it properly raised, and submitted for determination, the agency issue by alleging in the state court complaint that Mr. Ha acted as the Debtor's agent with respect to the sale of Home Design and by presenting evidence at the prove-up hearing from which the state court could make a determination regarding whether Mr. Ha acted as the Debtor's agent.  Further, the state court made a determination on this issue when it found Mr. Ha liable for fraud in the inducement based on the theory that he acted as the Debtor's "agent" in negotiating the sale of Home Design.

However, when one looks at the state court record in its entirety, there is little support for a finding that the state court intended to make a legal determination on the issue.  One of the hallmarks of an agency relationship is a principal's control over its agent's actions within the scope of the agency. See Tsurukawa v. Nikon Precision, Inc. (In re Tsurukawa), 287 B.R. 515, 521 (9th Cir. BAP 2002)(citing Alvarez v. Felker Mfg. Co., 230 Cal. App. 2d 987, 999, 41 Cal. Rptr. 514, 521 (1964)).  In this case, the state court was not provided with any pertinent evidence regarding Debtor's ability to control Mr. Ha's actions in relation to Home Design.  Based on the evidence presented to the state court, the Debtor was the owner of Home

- 15 -

Design in name only and had nothing to do with the business. Moreover, the state court did not describe any factual or legal basis for its "finding" of an agency relationship, or present any sort of reasoned opinion on the issue.  The state court merely used the term to describe a basis for finding liability as to Mr. Ha for fraud in the inducement.  Stated differently, even though the state court referred to Mr. Ha as an "agent" of the Debtor, it does not appear that the state court made a legal determination that the Debtor was the principal and Mr. Ha was the agent.

It is well established that the application of issue preclusion under California law involves a measure of discretion. "[I]ssue preclusion is not applied automatically or rigidly, and courts are permitted to decline to give issue preclusive effect to prior judgments in deference of countervailing considerations of fairness."  In re Lopez, 367 B.R. at 108 (citing Lucido v. Super. Ct., 272 Cal. Rptr. 3d 767, 795 (Cal. 1990)).  Given the ambiguity of the record and the lack of specific findings of fact by the state court that would support a determination that an agency relationship existed, it is far from clear that the bankruptcy court would have abused its discretion in declining to apply issue preclusion to the agency issue.  As a matter of fairness, when faced with serious questions about the scope of a ruling, the bankruptcy court should err on the side of caution and avoid applying issue preclusion when a state court's exact determination is ambiguous.  In this case, the state court's determination was simply not sufficiently firm to be given preclusive effect.  The bankruptcy court did not abuse its

discretion in making its own determination regarding the agency issue.

### b. Agency Was Not "Necessarily Decided"

Under California law, an issue has been "necessarily decided" if it is not "entirely unnecessary" to the judgment in the initial proceedings. <u>Zevnik v. Superior Court</u>, 70 Cal. Rptr. 3d 817, 821 (Cal. Ct. App. 2008)(citing <u>Lucido</u>, 272 Cal. Rptr. 3d at 769).

Genesis argues that the state court based its ruling that Mr. Ha could be held liable for fraud on the fact that he was acting as the Debtor's agent.  In finding Mr. Ha liable for fraud, the state court stated as follows:

> So what I have just convinced myself is that the fraud in the inducement does not have to be by the contracting party.  A third party, a broker, a salesperson, some body else could induce somebody to enter into a contract by fraud.  That agent would then be liable.
>
> Since Ha is the agent in this case who made the fraudulent inducement, he would be responsible for fraud in the inducement.

Transcript of State Court Trial, pg. 25, lns. 17-25.  Thus, Genesis argues that the state court record supports its assertion that the issue of agency was "necessarily decided."

In reviewing the state court judge's musings on the issues of fraud and agency, it appears that the court made this finding primarily because it was the most obvious vehicle by which liability could be imposed upon Mr. Ha for fraud in the inducement.  However, it does not follow that this question was "necessarily decided," because the court might have premised a finding of fraud in the inducement directly against Mr. Ha based, for example, upon his false statements of co-ownership of the

- 17 -

business.  In this context, it seems that the state court's finding of agency was simply the most convenient, but hardly the exclusive, way of getting to the result that the state court was convinced was correct, i.e., that Mr. Ha had committed fraud. Ultimately, a finding of agency was unnecessary to the state court's determination, because the state court could have imposed liability for fraud in the inducement on Mr. Ha without ever addressing the issue of agency. Cf. In re Harmon, 250 F.3d at 1248-49 (stating that, because the state court could have entered a default judgment against the defendant without finding that he had committed fraud, the issue was not necessarily decided in the prior proceeding).[10]

Last, as previously discussed, the state court record is ambiguous regarding whether the state court decided the agency issue.  Given the fact that it is unclear what the state court intended to decide, we cannot say that the bankruptcy court would have abused its discretion in declining to apply issue preclusion to the agency issue.

///

///

///

---

[10]In the alternative, even if the state court did make a determination that Mr. Ha was the Debtor's agent, the state court also made a determination that he acted outside the scope of his agency. See Transcript of State Court Trial, pg. 25, lns. 2-3 (stating "lying would be outside the scope of his employment"). Thus, even if the agency issue was necessarily decided, to be doctrinally consistent, the bankruptcy court would have also been precluded from imputing Mr. Ha's fraud to the Debtor, because the state court also found that Mr. Ha's actions were outside the scope of the agency.

- 18 -

**C. The Bankruptcy Court Did Not Err in Finding That Fraud Should Not Be Imputed to the Debtor Based on Agency Principles**

In order to establish that a debt is nondischargeable under section 523(a)(2)(A), a creditor must establish five elements by a preponderance of the evidence:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir. 2000); Ghomeshi v. Sabban (In re Sabban), 384 B.R. 1, 5 (9th Cir. BAP 2008).

Genesis argues that the Debtor is liable for the fraud because Mr. Ha was acting as the Debtor's agent when he committed fraud against Genesis, and fraud committed by an agent acting on behalf of a principal is imputed to the principal.  In other words, Genesis argues that it does not have to prove that the Debtor committed any direct fraud, it need only show that Mr. Ha committed fraud while acting as agent for the Debtor.[11]

**1. Mr. Ha Was Not the Debtor's Agent**

As noted previously, "[a] primary characteristic of an agency relationship is the principal's right to control the agent's conduct regarding matters entrusted to it."  In re Tsurukawa, 287 B.R. at 521 (citing Alvarez v. Felker Mfg. Co.,

---

[11]Genesis has not appealed the bankruptcy court's finding concerning the absence of direct fraud by the Debtor.  Thus, the only issue before the panel is whether the bankruptcy court should have imputed Mr. Ha's fraud to the Debtor based on agency principles.

41 Cal. Rptr. 514, 521 (Cal. Ct. App. 1964)). Genesis argues that, even if the Debtor did not practice any control over the business or Mr. Ha, she had the ability to control Mr. Ha by virtue of being the owner of the business. Genesis argues that the panel has previously recognized that "[o]wnership status is, by definition, a position of control." See Tsurukawa, 287 B.R. at 522. Thus, by virtue of her position, the Debtor was in a position to control Mr. Ha, and therefore an agency relationship existed.

Notwithstanding the foregoing, the facts of this case are distinguishable from the facts in Tsurukawa, and compel a different result.

As an initial matter, "ownership" cannot by itself create an agency relationship; there must be something more than bare legal title to assets. In Tsurukawa, we cited with approval the bankruptcy court's analysis that "it is not appropriate to find an agency relationship in every instance in which a spouse takes bare legal title to business property held for the benefit of the couple . . . ." Id. (quoting Bankruptcy Court's Memorandum of Decision (Jan. 14, 2002) at 5-6 (footnote omitted)). Courts should be careful when assessing whether a true agency relationship exists between married couples. Id. at 522-523. The facts in Tsurukawa are distinguishable from the facts in this case because the spouse in Tsurukawa played a substantial role in helping her husband carry out his fraudulent intent. In this case, unlike Tsurukawa, the Debtor had no involvement in the business, other than holding bare legal title to assets, and had no involvement in the sale of business, other than signing the

Purchase Agreement. Moreover, there are no facts that suggest the Debtor's status as owner (or her actions with respect to the sale of Home Design) enabled Mr. Ha to commit fraud. Indeed, the evidence indicated that the Debtor had no control over Mr. Ha with respect to Home Design.

We cannot find any error in the bankruptcy court's determination that no agency relationship existed between the Debtor and Mr. Ha.

## VI.   CONCLUSION

For the foregoing reasons, we affirm the bankruptcy court's determination that the debt owed by the Debtor to Genesis is dischargeable in bankruptcy.