FILED

DEC 18 2013

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP Nos. CC-13-1124-TaDKi |
| | CC-13-1125-TaDKi[*] |
| RICARDO PONCE, | |
| | Bk. Nos. 10-43605 |
| Debtor. | 10-41996 |
| _____ | |
| In re: | Adv. Nos. 11-01067 |
| | 11-01022 |
| JOSE LUIS PONCE, JR., | |
| Debtor. | |
| _____ | |
| JOSE AQUINO, | |
| Appellant, | |
| v. | **MEMORANDUM**[**] |
| RICARDO PONCE, | |
| Appellee. | |
| _____ | |

[*] While not formally consolidated, these two related adversary proceedings were heard by the bankruptcy court at the same time and were considered together. This memorandum applies to both appeals, and the clerk is directed to file a copy of this memorandum in each appeal.

[**] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

1

JOSE AQUINO,                          )
                    Appellant,        )
                                      )
v.                                    )
                                      )
JOSE LUIS PONCE, JR.,                 )
                                      )
                    Appellee.         )
_____     )

Submitted Without Oral Argument
on November 21, 2013

Filed – December 18, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Meredith A. Jury, Bankruptcy Judge, Presiding

_____

Appearances:    Appellant Jose Aquino, pro se, on brief; Dennis M. Assuras, Esq. on brief for appellees Ricardo Ponce and Jose Luis Ponce, Jr.

_____

Before:  TAYLOR, DUNN, and KIRSCHER, Bankruptcy Judges.

**INTRODUCTION**

Brothers Jose Luis Ponce ("Jose Luis") and Ricardo Ponce ("Ricardo" and jointly hereafter, "Debtors")[1] each filed chapter 7[2] bankruptcy petitions.  Jose Aquino ("Aquino") subsequently filed adversary proceedings alleging that debts owed to him by each of the Debtors were nondischargeable based on,

_____

[1] As the Debtors bear the same family name, we will refer to them by their given names.  We intend no disrespect by such informality.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

among other grounds, § 523(a)(2)(A). The bankruptcy court tried the proceedings together and found that neither Jose Luis nor Ricardo committed fraud in regards to the Aquino debt. Aquino appeals from these judgments. We AFFIRM the bankruptcy court.

**FACTS**

The Debtors[3] owned a mixed martial arts business, Adrenaline FC, LLC (hereafter, "Adrenaline"). At some point, Aquino and the Debtors discussed a business venture in which Aquino would invest $150,000 in order to help the Debtors keep Adrenaline open. The discussion covered each person's role in the company; the Debtors stated they would do "everything that needs to be done. . . ." Hr'g. Tr. (hereafter, "Transcript") (Mar. 4, 2013) at 6:10. The Debtors also represented that Hector Ramirez (hereafter, "Ramirez") would be involved in, among other things, Adrenaline's management.

Jose Luis filed a chapter 7 bankruptcy case on October 1, 2010. Shortly thereafter, Adrenaline commenced its own chapter 7 bankruptcy case. Ricardo subsequently filed his chapter 7 bankruptcy case on October 18, 2010.

Aquino filed adversary proceedings against Jose Luis and Ricardo alleging, among other things, that certain debts owed to him were nondischargeable under § 523(a)(2)(A). The adversary complaints[4] ("Complaints") alleged that the Debtors, on behalf of

---

[3] Apparently, the Debtors have a family relationship with Aquino.

[4] The adversary complaints in both cases are exactly the same, with the exception of the Debtors' names and the adversary proceeding numbers.

3

Adrenaline, borrowed approximately $150,000 from Aquino. The Complaints also alleged that the Debtors each personally guaranteed repayment of the loans.[5] Aquino asserted that he and the Debtors also entered into a Partnership Agreement (hereafter, "Agreement").

The Joint Pre-trial Report and Order (hereafter, "JPTO") listed the issues of fact to be determined at trial as, among others, whether the Debtors made knowingly false representations in order to acquire the investment from Aquino and whether Aquino justifiably relied upon the Debtors' statements. The JPTO listed the sole issue of law to be determined at trial as whether the debts owed to Aquino were dischargeable.[6]

After a joint trial, the bankruptcy court stated that in order to find for Aquino, it needed to find that the evidence weighed in Aquino's favor 51%/49%. Under this metric, it ruled for the Debtors.

The bankruptcy court found that due to the fractured familial relationship between Aquino and the Debtors, none of the parties were particularly credible witnesses. It accorded greater weight to the Debtors' testimony, however. It then determined that Aquino did not prove that Debtors made false

---

[5] In the Complaints, Aquino asserts that the debts resulted from loans. In the Transcript, Aquino testifies that the debts arose in connection with an investment.

[6] Although the Complaints included other § 523 claims, the JPTO only referenced the § 523(a)(2)(A) claim. The Transcript also reflects that the bankruptcy court referred to "justifiable reliance." Therefore, we assume that the bankruptcy court rendered its decision only as to that claim.

4

representations. It also determined that Aquino could not have justifiably relied on the Debtors' statements.

The bankruptcy court subsequently entered judgments ("Judgments") in favor of the Debtors.[7] Aquino timely appealed.[8]

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court identify and apply the correct standard of proof in determining the § 523(a)(2)(A) issues?

**STANDARD OF REVIEW**

In reviewing a bankruptcy court's dischargeability determination, we review its findings of fact for clear error and its conclusions of law de novo. Oney v. Weinberg (In re Weinberg), 410 B.R. 19, 28 (9th Cir. BAP 2009).

**DISCUSSION**

On appeal, Aquino argues that the bankruptcy court erred in its application of the preponderance of the evidence standard. Based on Aquino's pro se status, we liberally construe his pleadings and other documents. See Nilsen v. Nielson (In re Cedar Funding, Inc.), 419 B.R. 807, 816 (9th Cir. BAP 2009).

A bankruptcy court uses the preponderance of the evidence

---

[7] The Judgments provided that the actions were dismissed on the merits.

[8] Aquino filed the Notices of Appeal on March 18, 2013, but the Judgments were entered on March 19, 2013. Thus, the Notices of Appeal were timely. See Fed. R. Bankr. P. 8002(a).

standard when determining whether a debt is nondischargeable under § 523(a).  Grogan v. Garner, 498 U.S. 279, 291 (1991). This standard requires the finder of fact to conclude that "the proposition [is] more likely true than not. . ." in order to find in favor of the creditor.  United States v. Arnold & Baker Farms (In re Arnold and Baker Farms), 177 B.R. 648 (9th Cir. BAP 1994). The creditor, thus, has the burden of proof.  Ghomeshi v. Sabban (In re Sabban), 384 B.R. 1, 5 (9th Cir. BAP 2008), aff'd, 600 F.3d 1219 (9th Cir. 2010).  The analysis is strictly construed against the creditor and in favor of the debtor.  Id. (citation omitted).

Aquino argues that the bankruptcy court erred because, rather than apply a "50.0001%" preponderance of the evidence standard, it applied a 50%/50% standard.  Aquino misunderstood the bankruptcy court.

In its ruling, the bankruptcy court noted the difficulty in assessing the credibility of the witnesses given the fractured familial relationship and high emotions throughout the trial. The bankruptcy court then commented that:  "[i]f [it] were to weigh here, it might be 50/50 and it might be people were excited in investing in a business, and people heard what they thought they heard and nobody lied."  Transcript at 10:14-17.  Aquino focuses on the "50/50" comment.

The bankruptcy court, however, also stated that "[she would] rule for the Defendant because [the] Plaintiff has the burden. And, therefore, no matter how I [weighed] it for the Plaintiff to

6

win, it [had] to be 51/49."[9] Transcript at 10:12-14. Thus, it is apparent that the bankruptcy court identified and applied the correct standard of proof.

Aquino also argues that the bankruptcy court made hypothetical and incomplete findings. He argues that the bankruptcy court's decision should be remanded as a result. We disagree.

We may remand a decision back to the bankruptcy court if there are incomplete findings, but only if the findings are such that we cannot ascertain the bankruptcy court's reasoning. See First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.), 470 B.R. 864, 871 (9th Cir. BAP 2012). Here, the bankruptcy court fully explained the weight it gave to the witnesses' testimony at trial and made various other findings. Thus, its findings are ascertainable and neither hypothetical nor incomplete.

Finally, we note that Aquino obliquely criticizes the bankruptcy court's evidentiary rulings in his statement of issues on appeal. He fails to explain this assertion in his opening brief. Thus, he waives any particularized argument. See City of Emeryville v. Robinson, 621 F.3d 1251, 1261 (9th Cir. 2010) (appellate courts in this circuit "will not review issues which are not argued specifically and distinctly in a party's opening brief."). In any event, we discern no error in this regard. The bankruptcy court enjoys substantial discretion in weighing

---

[9] To the extent Aquino argues that the error lies in the use of 51%/49% versus 50.0001%/49.0009% we disagree; this would be a distinction without a difference.

7

evidence and making determinations as to credibility following a trial.  See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985).  The bankruptcy court did just that; it sufficiently weighed the parties' evidence and determined the witnesses' credibility in light of the testimony.

## CONCLUSION

For the reasons set forth above, we AFFIRM.